ROBBINS ARROYO LLP
BRIAN J. ROBBINS (190264)
KEVIN A. SEELY (199982)
LEONID KANDINOV (279650)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsarroyo.com
         kseely@robbinsarroyo.com
         lkandinov@robbinsarroyo.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
ROBERT K. SHELQUIST
REBECCA A. PETERSON (241858)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rshelquist@locklaw.com
         rapeterson@locklaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINA GRIMM, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>     v.<br><br>APN, INC., a Pennsylvania corporation; DPC PET SPECIALTIES LLC, a Pennsylvania limited liability company; AINSWORTH PET NUTRITION, a Pennsylvania fictitious name; AINSWORTH PET NUTRITION HOLDINGS, LLC, a Delaware limited liability company; AINSWORTH PET NUTRITION PARENT, LLC, a Delaware limited liability company; and AINSWORTH PET NUTRITION, LLC, a Delaware limited liability company,<br><br>               Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR:<br><br>(1) NEGLIGENT MISREPRESENTATION;<br>(2) VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT;<br>(3) VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING LAW;<br>(4) VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW;<br>(5) BREACH OF EXPRESS WARRANTY;<br>(6) BREACH OF IMPLIED WARRANTY; AND<br>(7) QUASI-CONTRACT.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Christina Grimm ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, as and for her Class Action Complaint against defendants APN, Inc. ("APN"), DPC Pet Specialties LLC ("DPC"), Ainsworth Pet Nutrition ("dba Ainsworth"), Ainsworth Pet Nutrition Holdings, LLC ("APN Holdings"), Ainsworth Pet Nutrition Parent, LLC ("APN Parent"), and Ainsworth Pet Nutrition, LLC ("Ainsworth Pet Nutrition") (collectively, the "Defendants"), alleges the following based upon personal knowledge as to herself and her own actions, and, as to all other matters, respectfully alleges, upon information and belief, as follows (Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery):

## **NATURE OF THE ACTION**

1. Plaintiff, individually and on behalf of all others similarly situated, by and through her undersigned attorneys, brings this class action against Defendants for the deceptive practice of marketing their Rachael Ray™ Nutrish® lines of dry and wet dog food products (the "Products") as "natural" when many of them contain chemicals and artificial and/or synthetic ingredients, which are well-known unnatural, artificial additives and preservatives.

2. Defendants prominently feature on their packaging that the Products are natural and charge a premium for the advertised natural ingredients. For example, the package of the Rachael Ray™ Nutrish® Super Premium Food for Dogs prominently states, "Made with simple, natural ingredients." Additionally, the packaging prominently states, "No artificial flavors or artificial preservatives," and "Natural Food for Dogs with Added Vitamins & Minerals" as shown below:

- 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





3.     Further, Defendants repeatedly state on Nutrish's website that the Products are natural and contain no artificial preservatives.  Plaintiff purchased at least four of Defendants' Nutrish Products:

(a)     Nutrish® Super Premium Food for Dogs, Real Chicken & Veggies Recipe;

(b)     Nutrish® Super Premium Food for Dogs, Turkey, Brown Rice & Venison Recipe;

(c)     Dish™ Super Premium Food for Dogs, Chicken & Brown Rice Recipe; and

(d)     Zero Grain™ - Grain Free Food for Dogs, Salmon & Sweet Potato Recipe.

Nutrish claimed on its webpage that every single one of these was natural and contained no artificial preservatives.

4.    Defendants engaged in deceptive labeling practices by expressly representing on the Products' labels and website that the Products are "natural" and have "no artificial preservatives" despite the presence of L-Ascorbyl-2-Polyphosphate, Menadione Sodium Bisulfite Complex, Thiamine Mononitrate, "natural flavors," and a variety of caramel color.

5.    By deceptively marketing the Products as "natural" and having "no artificial preservatives," Defendants wrongfully capitalized on, and reaped enormous profits from, consumers' strong preference for natural food products made free of artificial preservatives.

6.    Defendants marketed their Nutrish® and Dish™ products in a way that is deceptive to consumers under the consumer protection laws of California. Defendants have been unjustly enriched as a result of their conduct.  For these reasons, Plaintiff seeks the relief set forth herein.

7.    Plaintiff brings this proposed consumer class action on behalf of herself and all other citizens of California, who, from the applicable limitations period up to and including the present, purchased for consumption and not resale any of Defendants' Products.

## JURISDICTION AND VENUE

8.    This Court has original jurisdiction over all causes of action asserted herein under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and more than two-thirds of the Class reside in states other than the states in which Defendants are citizens.

9.    Venue is proper in this Court pursuant to 28 U.S.C. §1391, because Plaintiff resides and suffered injury as a result of Defendants' acts in this district, many of the acts and transactions giving rise to this action occurred in this district, Defendants conduct substantial business in this district, Defendants have intentionally availed themselves of the laws and markets of this district, and

- 4 -

Defendants are subject to personal jurisdiction in this district.

**THE PARTIES**

10.   Plaintiff is, and at all times relevant hereto has been, a citizen of the state of California.  Plaintiff purchased Nutrish food as the primary food source for her dog.   In 2016, she switched from her previous dog food because Nutrish claimed that the Products were natural and had no artificial preservatives.  Plaintiff purchased the Products monthly from the Target store located in Aliso Viejo, California.  Plaintiff has suffered injury as a result of Defendants' actions.

11.   As the result of Defendants' deceptive conduct as alleged herein, Plaintiff was injured when she paid the purchase price or a price premium for the Products that did not deliver what they promised.  She paid the above sum on the assumption that this was for natural pet food free of artificial preservatives and would not have paid this money had she known that they contained artificial preservatives and unnatural ingredients or would have purchased other products, which were premium, natural, or did not contain artificial preservatives.  Defendants promised Plaintiff natural pet food free of artificial preservatives but delivered something else entirely, thereby depriving her of the benefit of her bargain.  Damages can be calculated through expert testimony at trial.  Further, should Plaintiff encounter the Products in the future, she could not rely on the truthfulness of the packaging, absent corrective changes to the packaging and advertising of the Products.

12.   Defendant APN is a Pennsylvania corporation with its principal place of business at 18746 Mill Street, Meadville, Pennsylvania.   Defendant APN's President and Chief Executive Officer is Jeff Watters.  Defendant APN's Executive Chairman, Sean Lang, is described as a fifth generation family member by the company's website.

13.   Defendant DPC is a Pennsylvania limited liability company with its principal place of business at 984 Water Street, Meadville, Pennsylvania.

1    Defendant DPC is the owner of defendant dba Ainsworth.

2        14.    Defendant dba Ainsworth is a fictitious name registered in the state of

3    Pennsylvania with a registered address at 18746 Mill Street, Meadville,

4    Pennsylvania.   The registration identifies the owner as defendant DPC, which

5    purportedly is located at 18746 Mill Street, Meadville, Pennsylvania.  Defendant

6    DPC's own registration reflects an address at 984 Water Street, Meadville,

7    Pennsylvania.

8        15.    Defendant APN Holdings is a Delaware limited liability company

9    with its principal place of business at 18746 Mill Street, Meadville, Pennsylvania.

10       16.    Defendant APN Parent is a Delaware limited liability company with

11   its principal place of business at 18746 Mill Street, Meadville, Pennsylvania.

12       17.    Defendant Ainsworth Pet Nutrition is a Delaware limited liability

13   company with its principal place of business at 18746 Mill Street, Meadville,

14   Pennsylvania.

15       18.    Defendants formulate, develop, manufacture, label, distribute, market,

16   advertise, and sell the Products under the Rachael Ray™ Nutrish® dog food

17   products brand name throughout the United States.   The advertising for the

18   Products, relied upon by Plaintiff, was prepared and/or approved by Defendants

19   and their agents, and was disseminated by Defendants and their agents through

20   advertising and labeling that contained the misrepresentations alleged herein.  The

21   advertising and labeling for the Products was designed to encourage consumers to

22   purchase the Products and reasonably misled the reasonable consumer, i.e.,

23   Plaintiff and the Class (as defined herein), into purchasing the Products.

24   Defendants own, manufacture, and distribute the Products, and created and/or

25   authorized the unlawful, fraudulent, unfair, misleading, and/or deceptive labeling

26   and advertising for the Products.

27       19.    The Products, at a minimum, include:

28           (a)    Nutrish® Super Premium Food for Dogs, Real Chicken &

- 6 -

Veggies Recipe;

(b)    Nutrish® Super Premium Food for Dogs, Turkey, Brown Rice & Venison Recipe;

(c)    Nutrish® Super Premium Food for Dogs, Real Beef & Brown Rice Recipe;

(d)    Dish™ Super Premium Food for Dogs, Chicken & Brown Rice Recipe;

(e)    Dish™ Super Premium Food for Dogs, Beef & Brown Rice Recipe;

(f)    Zero Grain™ - Grain Free Food for Dogs, Salmon & Sweet Potato Recipe;

(g)    Zero Grain™ - Grain Free Food for Dogs, Turkey & Potato Recipe;

(h)    Zero Grain™ - Grain Free Food for Dogs, Beef, Potato & Bison Recipe;

(i)    Just 6®  Food for Dogs, Lamb Meal & Brown Rice Recipe;

(j)    Nutrish® Wet Food for Dogs, Savory Lamb Stew;

(k)    Nutrish® Wet Food for Dogs, Chick Paw Pie™;

(l)    Nutrish® Wet Food for Dogs, Rustic Duck Stew;

(m)    Nutrish® Wet Food for Dogs, Beef Stroganwoof;

(n)    Nutrish® Wet Food for Dogs, Chicken Muttballs with Pasta;

(o)    Nutrish® Wet Food for Dogs, Hearty Beef Stew;

(p)    Nutrish® Wet Food for Dogs, Variety Pack;

(q)    Nutrish® PEAK Ultra Premium Food for Dogs, Open Range Recipe™ with Beef, Venison & Lamb; and

(r)    Nutrish® PEAK Ultra Premium Food for Dogs, Northern Woodlands Recipe™ with Turkey, Duck & Quail.

# FACTUAL ALLEGATIONS

**Defendants Misleadingly Market Their Products as Natural and Free of Artificial Preservatives**

20. Defendants formulate, develop, manufacture, label, distribute, market, advertise, and sell their extensive Rachael Ray™ Nutrish® lines of dry and wet pet food products across the United States.

21. The Products are available at numerous retail and online outlets.

22. The Products are widely advertised.[1]

23. In addition to the "natural" and "no artificial preservatives" claims on the front of each Product, the official Nutrish website displays the Products' descriptions and full lists of ingredients for most of the Products. The Products' webpages again and again make Defendants' "natural" and "no artificial preservatives" misrepresentations.

24. Plaintiff purchased the Products which state on their labeling and/or on Defendants' website that they were "natural" and contain "no artificial preservatives."

25. By representing that the Products are "natural" and have "no artificial preservatives," Defendants sought to capitalize on consumers' preference for less processed products with fewer additives. Consumers are willing to pay more for products with no additives.

---

[1] Tanya Gazdik, *Rachael Ray's Nutrish Pet Food Launches $40 Million Campaign* Media Post (May 6, 2016), http://www.mediapost.com/publications/article/ 275164/rachael-rays-nutrish-pet-food-launches-40-millio.html; Elizabeth Olson, *A Rachael Ray Food Truck for the Dogs* N.Y. Times (Oct. 17, 2012), http://www.nytimes.com/2012/10/18/business/media/rachael-ray-promotes-nutrish -dog-food-with-a-truck.html; Felicia Greiff, *Rachael Ray's Nutrish Set to Double Ad Spend This Year* Advert Age (Mar. 19, 2015), http://adage.com/ article/advertising/rachael-ray-s-nutrish-set-double-ad-spend-year/297674/.

26.    Unsurprisingly, Defendants have an interest in labeling their Products as "natural" and free of artificial preservatives despite the presence of L-Ascorbyl-2-Polyphosphate, Menadione Sodium Bisulfite Complex, Thiamine Mononitrate, "natural flavors," and a variety of caramel color, as this would allow them to charge a premium for their Products and give them an advantage over their competitors that use artificial preservatives and do not market as "natural."

**L-Ascorbyl-2-Polyphosphate,    Menadione    Sodium    Bisulfite    Complex, Thiamine Mononitrate, "Natural Flavors," and Caramel Colors Are Unnatural Ingredients**

27.    Defendants' Products claim to be natural, yet they contain chemicals and artificial and/or synthetic ingredients, including L-Ascorbyl-2-Polyphosphate, Menadione Sodium Bisulfite Complex, Thiamine Mononitrate, "natural flavors," and caramel color.

28.    Caramel color is an artificial, and therefore unnatural, food additive with recognized potential to inflict serious harm upon consumers.  The FDA does not recognize caramel color as Generally Recognized as Safe ("GRAS") and Defendants should not treat them as such.[2]

29.    Importantly, a common type of caramel coloring is 4-Methylimidazole, which has been linked to cancer by the U.S. Department of Health and Human Services through a 2007 study by the National Toxicology Program which concluded that "4-methylimidazole caused lung cancer in male and female mice.  4-Methylimidazole may also have been associated with development of leukemia in female rats."[3]

---

[2]  FDA, https://www.fda.gov/food/ingredientspackaginglabeling/foodadditivesingredients/ucm364184.htm (last visited Feb. 24, 2017).

[3] National Toxicology Program, *NTP Technical Report on the Toxicology And Carcinogenesis Studies of 4-Methylimidazole (CAS NO. 822-36-6) in F344/N Rats and B6C3F Mice*, at 5 (Jan. 2007), https://ntp.niehs.nih.gov/ntp/htdocs/lt_rpts/tr535.pdf.

30.    In fact, because of the serious health risks posed by 4-Methylimidazole, California's Proposition 65 requires manufacturers to place a cancer risk warning on the labels of products that expose consumers to more the twenty-nine micrograms of 4-Methylimidazole per day.

31.    Additionally, groups such as the Consumers Union, the advocacy arm of Consumer Reports, seek government action to limit the levels of caramel coloring allowed in foods and to require manufacturers to disclose the presence of unnatural caramel coloring additives upon product labels.[4]

32.    While Defendants' claimed otherwise in the response to Plaintiff's Consumer Legal Remedies Act letter, caramel color is present in Defendants' Products:[5]

**Chicken Paw Pie**: Chicken Broth, Chicken, Dried Egg Product, Pea Protein, Ground Tapioca, Sweet Potatoes, Green Beans, Pineapple, Tricalcium Phosphate, Natural Flavor, Guar Gum, Salt, Potassium Chloride, Choline Chloride, Taurine, L-Ascorbyl-2-Polyphosphate (Source of Vitamin C), ***Caramel Color***, Zinc Proteinate, Vitamin E Supplement, Iron Proteinate, Niacin, Copper Proteinate, Calcium Pantothenate, Thiamine Mononitrate, Manganese Proteinate, Riboflavin, Pyridoxine Hydrochloride, Vitamin A Acetate, Calcium Iodate, Folic Acid, Biotin, Vitamin D3 Supplement, Vitamin B12 Supplement.

**Hearty Beef Stew**: Beef Broth, Beef, Dried Egg Product, Chicken, Pea Protein, Natural Flavors, Ground Tapioca, Potatoes, Carrots, Green Peas, Tricalcium Phosphate, Guar Gum, Salt, ***Caramel Color***, Potassium Chloride, Choline Chloride, Taurine, L-Ascorbyl-2-Polyphosphate (Source of Vitamin C), Zinc Proteinate, Vitamin E Supplement, Iron Proteinate, Niacin, Copper Proteinate, Calcium Pantothenate, Thiamine Mononitrate, Manganese Proteinate,

---

[4]    Consumer Reports, http://www.consumerreports.org/cro/2014/01/regulations-needed-against-risky-caramel-coloring-in-foods/index.htm (last visited Feb. 24, 2017).

[5]    Chewy, Nutritional Info, https://www.chewy.com/rachael-ray-nutrish-naturally/dp/128026 (last visited Feb. 24, 2017).

Riboflavin, Pyridoxine Hydrochloride, Vitamin A Acetate, Calcium Iodate, Folic Acid, Biotin, Vitamin D3 Supplement, Vitamin B12 Supplement.

**Savory Lamb Stew**: Lamb Broth, Lamb, Dried Egg Product, Chicken, Pea Protein, Ground Tapioca, Natural Flavors, Carrots, Brown Rice, Tricalcium Phosphate, Guar Gum, Salt, Spinach, Potassium Chloride, *Caramel Color*, Choline Chloride, Taurine, L-Ascorbyl-2-Polyphosphate (Source of Vitamin C), Zinc Proteinate, Vitamin E Supplement, Iron Proteinate, Niacin, Copper Proteinate, Calcium Pantothenate, Thiamine Mononitrate, Manganese Proteinate, Riboflavin, Pyridoxine Hydrochloride, Vitamin A Acetate, Calcium Iodate, Folic Acid, Biotin, Vitamin D3 Supplement, Vitamin B12 Supplement.

**Chicken Paw Pie™**

**INGREDIENTS:** Chicken Broth, Chicken, Dried Egg Product, Pea Protein, Ground Tapioca, Sweet Potatoes, Green Beans, Pineapple, Tricalcium Phosphate, Natural Flavor, Guar Gum, Salt, Potassium Chloride, Choline Chloride, Taurine, L-Ascorbyl-2-Polyphosphate (Source of Vitamin C), Caramel (color), Zinc Proteinate, Vitamin E Supplement, Iron Proteinate, Niacin, Copper Proteinate, Calcium Pantothenate, Thiamine Mononitrate, Manganese Proteinate, Riboflavin, Pyridoxine Hydrochloride, Vitamin A Acetate, Calcium Iodate, Folic Acid, Biotin, Vitamin D3 Supplement, Vitamin B12 Supplement.    1407070000 WD02v4

**GUARANTEED ANALYSIS:**

| | |
|---|---|
| Crude Protein ...............9.0% (min.) | Crude Fiber ..............2.0% (max.) |
| Crude Fat .......................2.0% (min.) | Moisture ...................78.0% (max.) |

**CALORIE CONTENT (CALCULATED):** Rachael Ray™ Nutrish® Chicken Paw Pie with Sweet Potatoes & Green Beans contains 1037 kcal/kg or 235 kcal/8 oz cup of metabolizable energy as fed.

Rachael Ray™ Nutrish® Chicken Paw Pie™ with Sweet Potatoes & Green Beans is formulated to meet the nutritional levels established by the AAFCO (Association of American Feed Control Officials) Dog Food Nutrient profiles for all life stages.

**Hearty Beef Stew**

**INGREDIENTS:** Beef Broth, Beef, Dried Egg Product, Chicken, Pea Protein, Natural Flavors, Ground Tapioca, Potatoes, Carrots, Green Peas, Tricalcium Phosphate, Guar Gum, Salt, Caramel (color), Potassium Chloride, Choline Chloride, Taurine, L-Ascorbyl-2-Polyphosphate (Source of Vitamin C), Zinc Proteinate, Vitamin E Supplement, Iron Proteinate, Niacin, Copper Proteinate, Calcium Pantothenate, Thiamine Mononitrate, Manganese Proteinate, Riboflavin, Pyridoxine Hydrochloride, Vitamin A Acetate, Calcium Iodate, Folic Acid, Biotin, Vitamin D3 Supplement, Vitamin B12 Supplement.    1407070000 WD03v4

**GUARANTEED ANALYSIS:**

| | |
|---|---|
| Crude Protein ...............9.0% (min.) | Crude Fiber ..............2.0% (max.) |
| Crude Fat .......................2.0% (min.) | Moisture ...................78.0% (max.) |

**CALORIE CONTENT (CALCULATED):** Rachael Ray™ Nutrish® Hearty Beef Stew with Potatoes, Carrots & Peas contains 1109 kcal/kg or 252 kcal/8 oz tub of metabolizable energy as fed.

Rachael Ray™ Nutrish® Hearty Beef Stew with Potatoes, Carrots & Peas is formulated to meet the nutritional levels established by the AAFCO (Association of American Feed Control Officials) Dog Food Nutrient profiles for all life stages.

**Savory Lamb Stew**

**INGREDIENTS:** Lamb Broth, Lamb, Dried Egg Product, Chicken, Pea Protein, Ground Tapioca, Natural Flavors, Carrots, Brown Rice, Tricalcium Phosphate, Guar Gum, Salt, Spinach, Potassium Chloride, Caramel (color), Choline Chloride, Taurine, L-Ascorbyl-2-Polyphosphate (Source of Vitamin C), Zinc Proteinate, Vitamin E Supplement, Iron Proteinate, Niacin, Copper Proteinate, Calcium Pantothenate, Thiamine Mononitrate, Manganese Proteinate, Riboflavin, Pyridoxine Hydrochloride, Vitamin A Acetate, Calcium Iodate, Folic Acid, Biotin, Vitamin D3 Supplement, Vitamin B12 Supplement.    1407070000 WD01v4

**GUARANTEED ANALYSIS:**

| | |
|---|---|
| Crude Protein ...............9.0% (min.) | Crude Fiber ..............2.0% (max.) |
| Crude Fat .......................2.0% (min.) | Moisture ...................78.0% (max.) |

**CALORIE CONTENT (CALCULATED):** Rachael Ray™ Nutrish® Savory Lamb Stew with Carrots, Brown Rice & Spinach contains 1044 kcal/kg or 237 kcal/8 oz tub of metabolizable energy as fed.

Rachael Ray™ Nutrish® Savory Lamb Stew with Carrots, Brown Rice & Spinach is formulated to meet the nutritional levels established by the AAFCO (Association of American Feed Control Officials) Dog Food Nutrient profiles for all life stages.

## DEFENDANTS' "NATURAL" MISREPRESENTATION VIOLATES CALIFORNIA LAWS

33.    California law is designed to ensure that a company's claims about its products are truthful and accurate.    Defendants violated California law by incorrectly claiming that the Products are natural.

34.    Defendants' marketing and advertising campaign has been sufficiently lengthy in duration, and widespread in dissemination, that it would be unrealistic to

1    require Plaintiff to plead relying upon each advertised misrepresentation.

2        35.    Defendants have engaged in this long-term advertising campaign to

3    convince potential customers that the Products lack unnatural ingredients.

4                      **DEFENDANTS' "NO ARTIFICIAL PRESERVATIVES"**

5               **MISREPRESENTATION VIOLATES CALIFORNIA LAWS**

6        36.    California law is designed to ensure that a company's claims about its

7    products are truthful and accurate.    Defendants violated California law by

8    incorrectly claiming that the Products contain "no artificial preservatives."

9        37.    Defendants' marketing and advertising campaign has been sufficiently

10   lengthy in duration, and widespread in dissemination, that it would be unrealistic to

11   require Plaintiff to plead relying upon each advertised misrepresentation.

12       38.    Defendants have engaged in this long-term advertising campaign to

13   convince potential customers that the Products lack artificial preservatives.

14               **PLAINTIFF'S RELIANCE WAS REASONABLE**

15               **AND FORESEEN BY DEFENDANTS**

16       39.    Plaintiff reasonably relied on Defendants' own statements,

17   misrepresentations, and advertising concerning the particular qualities and benefits

18   of the Products.

19       40.    Plaintiff read and relied upon the labels on the Products in making her

20   purchasing decisions, along with viewing the statements, misrepresentations, and

21   advertising on Defendants' website and elsewhere on the Internet.

22       41.    A reasonable consumer would consider the labeling of a product when

23   deciding whether to purchase.  Here, Plaintiff relied on the specific statements and

24   misrepresentations by Defendants that the Products were natural and did not

25   contain artificial preservatives.

26

27

28

**DEFENDANTS' KNOWLEDGE AND NOTICE OF THEIR BREACHES OF THEIR EXPRESS AND IMPLIED WARRANTIES**

42.    Defendants had sufficient notice of their breaches of their express and implied warranties.  Defendants had, and have, exclusive knowledge of the physical and chemical make-up of the Products.

**PRIVITY EXISTS WITH PLAINTIFF AND THE PROPOSED CLASS**

43.    Defendants knew that consumers such as Plaintiff and the proposed Class (as defined herein) would be the end purchasers of the Products and the target of their advertising and statements.

44.    Defendants intended that their statements and representations would be considered by the end purchasers of the Products, including Plaintiff and the proposed Class.

45.    Defendants directly marketed to Plaintiff and the proposed Class through statements on their website, labeling, advertising, and packaging.

46.    Plaintiff and the proposed Class are the intended beneficiaries of the expressed and implied warranties.

**CLASS ACTION ALLEGATIONS**

47.    Plaintiff brings this action individually and on behalf of the following class pursuant to Rule 23(a) and 23(b)(2) and (3) of the Federal Rules of Civil Procedure:

> All California citizens who, from February 4, 2010 to the present, purchased the Products for household use, and not for resale (the "Class").

48.    Excluded from the Class are the Defendants, any of their parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

49.    This action is brought and may be properly maintained as a class action.  There is a well-defined community of interests in this litigation and the members of the Class are easily ascertainable.

50.    The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and Court.

51.    Questions of law and fact common to Plaintiff and the Class include, but are not limited to, the following:

(a)    whether Defendants owed a duty of care to the Class;

(b)    whether Defendants represented and continue to represent that the Products are natural and do not contain artificial preservatives;

(c)    whether Defendants' representations in advertising and/or labeling are false, deceptive, and misleading;

(d)    whether those representations are likely to deceive a reasonable consumer;

(e)    whether Defendants had knowledge that those representations were false, deceptive, and misleading;

(f)    whether Defendants continue to disseminate those representations despite knowledge that the representations are false, deceptive, and misleading;

(g)    whether a representation that a product is natural and does not contain artificial preservatives is material to a reasonable consumer;

(h)    whether Defendants' representations and claims that the Products are natural and do not contain artificial preservatives are likely to mislead, deceive, confuse, or confound consumers acting reasonably;

(i)    whether Defendants violated California Business & Professions Code sections 17200, *et seq.*;

- 15 -

(j)    whether Defendants violated California Business & Professions Code sections 17500, *et seq.*;

(k)    whether Defendants violated California Civil Code sections 1750, *et seq.*;

(l)    whether Defendants were unjustly enriched;

(m)    whether Plaintiff and the members of the Class are entitled to actual, statutory, and punitive damages; and

(n)    whether Plaintiff and members of the Class are entitled to declaratory and injunctive relief.

52.    Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class.  Identical statutory violations and business practices and harms are involved.   Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

53.    Plaintiff's claims are typical of Class members' claims in that they are based on the same underlying facts, events, and circumstances relating to Defendants' conduct.

54.    Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action, consumer protection, and false advertising litigation.

55.    Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is small such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

56.    Questions of law and fact common to the Class predominate over any questions affecting only individual Class members.

57.    As a result of the foregoing, Class treatment is appropriate.

## COUNT I

### (Negligent Misrepresentation Against Defendants)

58.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

59.    Plaintiff reasonably placed her trust and reliance in Defendants that the Products marketed and advertised to her and the Class were natural and did not contain artificial preservatives.

60.    Because of the relationship between the parties, the Defendants owed a duty to use reasonable care to impart correct and reliable disclosures concerning the use of unnatural ingredients and artificial preservatives in making the Products or, based upon their superior knowledge, having spoken, to say enough to not be misleading.

61.    Defendants breached their duty to Plaintiff and the Class by providing false, misleading, and/or deceptive information regarding the nature of the Products.

62.    Plaintiff and the Class reasonably and justifiably relied upon the information supplied to them by the Defendants.  As a result, Plaintiff and the Class purchased the Products at a premium.

63.    Defendants failed to use reasonable care in their communications and representations to Plaintiff and Class.

64.    By virtue of Defendants' negligent misrepresentations, Plaintiff and the Class have been damaged in an amount to be proven at trial or alternatively, seek rescission and disgorgement under this count.

## COUNT II

### (Violations of California's Consumer Legal Remedies Act, California Civil Code §§1750, *Et Seq.*, Against Defendants)

65.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

66.    Plaintiff and each proposed Class member is a "consumer," as that term is defined in California Civil Code section 1761(d).

67.    The Products are "goods," as that term is defined in California Civil Code section 1761(a).

68.    Each Defendant is a "person" as that term is defined in California Civil Code section 1761(c).

69.    Plaintiff and each proposed Class member's purchase of Defendants' Products constituted a "transaction," as that term is defined in California Civil Code section 1761(e).

70.    Defendants' conduct alleged herein violates the following provisions of California's Consumer Legal Remedies Act (the "CLRA"):

(a)    California Civil Code section 1770(a)(5), by representing that the Products are natural and contain no artificial preservatives;

(b)    California Civil Code section 1770(a)(7), by representing that the Products were of a particular standard, quality, or grade, when they were of another;

(c)    California Civil Code section 1770(a)(9), by advertising the Products with intent not to sell them as advertised; and

(d)    California Civil Code section 1770(a)(16), by representing that the Products have been supplied in accordance with previous representations when they have not.

71.    As a direct and proximate result of these violations, Plaintiff and the Class have been harmed, and that harm will continue unless Defendants are enjoined from using the misleading marketing described herein in any manner in connection with the advertising and sale of the Products.

72.    On January 3, 2017, counsel for Plaintiff and the proposed Class provided Defendants with written notice (via U.S. certified mail, return receipt requested) that their conduct is in violation of the CLRA.  On January 9, 2017,

Defendants received Plaintiff's CLRA letter.  Defendants responded on February 2, 2017.

73.    Plaintiff seeks an award of attorney's fees pursuant to, inter alia, California Civil Code section 1780(e) and California Code of Civil Procedure section 1021.5.

## COUNT III

**(Violations of California False Advertising Law, California Business & Professions Code §§17500, *Et Seq.*, Against Defendants)**

74.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

75.    California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading."  Cal. Bus. & Prof. Code §17500.

76.    As set forth herein, Defendants' claims that the Products are natural and do not contain artificial preservatives are literally false and likely to deceive the public.

77.    Defendants' claims that the Products are natural and do not contain artificial preservatives are untrue or misleading.

78.    Defendants knew, or reasonably should have known, that the claims were untrue or misleading.

79.    Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff's desire to purchase these Products in the future if she can be assured that, so long as the Products are advertised as natural and without artificial preservatives truly are natural and do not contain any artificial preservatives.

80.    Plaintiff and members of the Class are entitled to injunctive and equitable relief, and restitution in the amount they spent on the Products.

## COUNT IV

**(Violations of the Unfair Competition Law, California Business & Professions Code §§17200, *Et Seq.*, Against Defendants)**

81.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

82.    The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code §17200.

**Fraudulent**

83.    Defendants' statements that the Products are natural and do not contain artificial preservatives are literally false and likely to deceive the public.

**Unlawful**

84.    As alleged herein, Defendants have advertised the Products with false or misleading claims, such that Defendants' actions as alleged herein violate at least the following laws:

• The CLRA, California Business & Professions Code sections 1750, *et seq.*; and

• The False Advertising Law, California Business & Professions Code sections 17500, *et seq.*

**Unfair**

85.    Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Products is unfair because Defendants' conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

86.    Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Products is also unfair because it violates public policy as declared by specific constitutional, statutory, or regulatory provisions, including, but not limited to, the False Advertising Law and the CLRA.

87.    Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Products is also unfair because the consumer injury is substantial, not outweighed by benefits to consumers or competition, and not one consumers, themselves, can reasonably avoid.

88.    In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign.  Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary.

89.    On behalf of herself and the Class, Plaintiff also seeks an order for the restitution of all monies from the sale the Products, which were unjustly acquired through acts of fraudulent, unfair, or unlawful competition.

## COUNT V

**(Breach of Express Warranty,
California Commercial Code §2313, Against Defendants)**

90.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

91.    As set forth herein, Defendants made express representations to Plaintiff and the Class that the Products were natural and did not contain artificial preservatives.

92.    These promises became part of the basis of the bargain between the parties and thus constituted express warranties.

93.    There was a sale of goods from Defendants to Plaintiff and the Class members.

94.    On the basis of these express warranties, Defendants sold to Plaintiff and the Class the Products.

95.    Defendants knowingly breached the express warranties by including one or more unnatural ingredients in the Products.

- 21 -

96.    Defendants knowingly breached the express warranties by including one or more artificial preservatives in the Products.

97.    Defendants were on notice of this breach as they were aware of the included unnatural ingredients and artificial preservatives in the Products.

98.    Privity exists because Defendants expressly warranted to Plaintiff and the Class that the Products did not contain preservatives through the marketing and labeling.

99.    Plaintiff and the Class reasonably relied on the express warranties by Defendants.

100.   As a result of Defendants' breaches of their express warranties, Plaintiff and the Class sustained damages as they paid money for the Products that were not what Defendants represented.

101.   Plaintiff, on behalf of herself and the Class, seeks actual damages for Defendants' breach of warranty.

## COUNT VI

### (Breach of Implied Warranty, California Commercial Code §2314, Against Defendants)

102.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

103.   As set forth herein, Defendants made affirmations of fact on the Products' labels to Plaintiff and the Class that the Products were natural and free of artificial preservatives.

104.   The Products did not conform to these affirmations and promises as they contained unnatural ingredients and artificial preservatives.

105.   These promises became part of the basis of the bargain between the parties and thus constituted express warranties.

106.   Defendants are merchants engaging in the sale of goods to Plaintiff and the Class.

107.  There was a sale of goods from Defendants to Plaintiff and the Class members.

108.  Defendants breached the implied warranties by selling the Products that failed to conform to the promises or affirmations of fact made on the container or label as each Product contained one or more artificial preservatives.

109.  Defendants were on notice of this breach as they were aware of the unnatural ingredients included in the Products.

110.  Defendants were on notice of this breach as they were aware of the artificial preservatives included in the Products.

111.  Privity exists because Defendants expressly warranted to Plaintiff and the Class that the Products were natural and did not contain artificial preservatives through the advertising, marketing, and labeling.

112.  As a result of Defendants' breaches of their implied warranties of merchantability, Plaintiff and the Class sustained damages as they paid money for the Products that were not what Defendants represented.

113.  Plaintiff, on behalf of herself and the Class, seeks actual damages for Defendants' breach of warranty.

## **COUNT VII**

### **(Quasi-Contract Against Defendants)**

114.  Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

115.  Defendants unjustly retained a benefit at the expense of Plaintiff and the members of the Class in the form of substantial revenues and payments from Plaintiff and the members of the Class for the Products and from Defendants' conduct in misrepresenting the Products in labels and advertisements.

116.  Based on the mistake, Plaintiff and the members of the Class paid for the Products.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against the Defendants as to each and every count, including:

A.    An order declaring this action to be a proper class action, appointing Plaintiff and her counsel to represent the Class, and requiring Defendants to bear the costs of class notice;

B.    An order enjoining Defendants from selling the Products in any manner suggesting or implying that they are natural and free of artificial preservatives;

C.    An order requiring Defendants to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief, such as recalling existing products;

D.    An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendants' past conduct;

E.    An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of the Unfair Competition Law, False Advertising Law, or CLRA, plus pre- and post-judgment interest thereon;

F.    An order requiring Defendants to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

G.    An order requiring Defendants to pay all actual and statutory damages permitted under the causes of action alleged herein;

1        H.    An order requiring Defendants to pay punitive damages on any cause

2  of action so allowable;

3        I.    An order awarding attorneys' fees and costs to Plaintiff and the Class;

4  and

5        J.    An order providing for all other such equitable relief as may be just

6  and proper.

7                                **<u>JURY DEMAND</u>**

8     Plaintiff hereby demands a trial by jury on all issues so triable.

9  Dated: February 28, 2017        ROBBINS ARROYO LLP

10                                 BRIAN J. ROBBINS
                                   KEVIN A. SEELY
                                   LEONID KANDINOV

11

12                                 /s/*Brian J. Robbins*

13                                BRIAN J. ROBBINS

14                                 600 B Street, Suite 1900
                                 San Diego, CA 92101

15                                 Telephone: (619) 525-3990
                                 Facsimile: (619) 525-3991

16                                 E-mail: brobbins@robbinsarroyo.com
                                     kseely@robbinsarroyo.com

17                                     lkandinov@robbinsarroyo.com

18                                 LOCKRIDGE GRINDAL NAUEN P.L.L.P.
                                 ROBERT K. SHELQUIST

19                                 REBECCA A. PETERSON
                                 100 Washington Avenue South, Suite 2200

20                                 Minneapolis, MN 55401
                                 Telephone: (612) 339-6900

21                                 Facsimile: (612) 339-0981
                                 E-mail: rshelquist@locklaw.com

22                                     rapeterson@locklaw.com

23                               Attorneys for Plaintiff

24

25

26

27

28