ROBBINS ARROYO LLP
BRIAN J. ROBBINS (190264)
KEVIN A. SEELY (199982)
STEVEN M. McKANY (271405)
LEONID KANDINOV (279650)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsarroyo.com
        kseely@robbinsarroyo.com
        smckany@robbinsarroyo.com
        lkandinov@robbinsarroyo.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
REBECCA A. PETERSON (241858)
ROBERT K. SHELQUIST
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com
        rkshelquist@locklaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINA GRIMM, Individually and on Behalf of All Others Similarly Situated, | ) Case No. 8:17-cv-00356-JVS-JCG |
| | ) |
| | ) SECOND AMENDED CLASS |
| Plaintiff, | ) ACTION COMPLAINT FOR: |
| v. | ) |
| | ) (1) VIOLATIONS OF THE |
| APN, INC., a Pennsylvania corporation; and AINSWORTH PET NUTRITION, LLC, a Delaware limited liability company, | ) CALIFORNIA CONSUMER LEGAL |
| | ) REMEDIES ACT; |
| | ) (2) VIOLATIONS OF THE |
| | ) CALIFORNIA FALSE |
| | ) ADVERITSING LAW; |
| | ) (3) VIOLATIONS OF THE |
| | ) CALIFORNIA UNFAIR |
| Defendants. | ) COMPETITION LAW; |
| | ) (4) BREACH OF EXPRESS |
| | ) WARRANTY; AND |
| | ) (5) BREACH OF IMPLIED |
| | ) WARRANTY |
| | ) |
| | ) DEMAND FOR JURY TRIAL |

Plaintiff Christina Grimm ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, as and for her Second Amended Class Action Complaint against defendants APN, Inc. ("APN") and Ainsworth Pet Nutrition, LLC ("Ainsworth Pet Nutrition") (collectively, the "Defendants"), alleges the following based upon personal knowledge as to herself and her own actions, and, as to all other matters, respectfully alleges, upon information and belief, as follows (Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery):

## NATURE OF THE ACTION

1.     Plaintiff, individually and on behalf of all others similarly situated, by and through her undersigned attorneys, brings this class action against Defendants for the deceptive practice of representing, marketing, and advertising their Rachael Ray™ Nutrish® ("Nutrish") lines of dry and wet dog food products (the "Products") as "natural" when many of them contain chemicals and artificial and/or synthetic ingredients, which are well-known unnatural, artificial additives and preservatives.

2.     Defendants prominently claim, state, feature, represent, advertise, or otherwise market on their packaging that the Products are natural and charge a premium for these Products, knowing that the claimed natural make-up of the Products is something an average consumer would consider as a reason for choosing a more expensive dog food.  For example, the package of the Rachael Ray™ Nutrish® Super Premium Food for Dogs prominently states, "Made with simple, natural ingredients." Additionally, the packaging prominently states, "No artificial flavors or artificial preservatives," and "Natural Food for Dogs with Added Vitamins & Minerals" as shown below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





3.     Further, Defendants repeatedly claim, state, feature, represent, advertise, or otherwise market on Nutrish's website that the Products are natural and contain no artificial preservatives. Plaintiff purchased at least four of Defendants' Nutrish Products:

(a)     Nutrish® Super Premium Food for Dogs, Real Chicken & Veggies Recipe;

(b)     Nutrish® Super Premium Food for Dogs, Turkey, Brown Rice & Venison Recipe;

(c)     Dish™ Super Premium Food for Dogs, Chicken & Brown Rice Recipe; and

(d)     Zero Grain™ - Grain Free Food for Dogs, Salmon & Sweet Potato Recipe.

4.     Defendants claimed, stated, featured, represented, advertised, or otherwise marketed on the Nutrish website that every single one of these was natural and contained no artificial preservatives.

5.     Defendants simply disclose that there are "added vitamins and minerals" with no further indication that unnatural and/or synthetic vitamins and minerals are included.

6.     Defendants expressly claimed, featured, represented, advertised, or otherwise marketed on the Products' labels and the Nutrish website that the Products are "natural" and have "no artificial preservatives."   However, Defendants' Products contain L-Ascorbyl-2-Polyphosphate, Menadione Sodium Bisulfite Complex, Thiamine Mononitrate, "natural flavors," and a variety of caramel color.  These ingredients are not natural and are in fact chemicals and artificial and/or synthetic ingredients that are made and/or produced by humans. Thus, Defendants engaged in deceptive advertising and labeling practice by expressly claiming, featuring, representing, advertising, or otherwise marketing on the Products' labels and website that the Products are "natural" and have "no artificial preservatives," despite the presence of these chemicals and artificial and/or synthetic ingredients.

7.     Consumers such as Plaintiff were not aware that the aforementioned ingredients were not natural.  Product ingredients often times have complex and/or scientific names regardless of whether they are natural or artificial.   Further, Nutrish's own label describes the food as natural without any disclosure that this is limited to only certain ingredients and excludes the added vitamins and minerals. As a result, consumers such as Plaintiff had no reason to doubt that Defendants' Products were "natural" and have "no artificial preservatives" as advertised.

8.     By deceptively claiming, marketing, and advertsising the Products as "natural" and having "no artificial preservatives," Defendants wrongfully

capitalized on, and reaped enormous profits from, consumers' strong preference for natural food products made free of artificial preservatives.

9.     Defendants represented, marketed, and advertised their Nutrish and Dish™ products in a way that is deceptive to consumers under the consumer protection laws of California.  Defendants have been unjustly enriched as a result of their conduct.  For these reasons, Plaintiff seeks the relief set forth herein.

10.     Plaintiff brings this proposed consumer class action on behalf of herself and all other citizens of California, who, from the applicable limitations period up to and including the present, purchased for consumption and not resale any of Defendants' Products.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction over all causes of action asserted herein under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and more than two-thirds of the Class reside in states other than the states in which Defendants are citizens.

12.     Venue is proper in this Court pursuant to 28 U.S.C. §1391, because Plaintiff resides and suffered injury as a result of Defendants' acts in this district, many of the acts and transactions giving rise to this action occurred in this district, Defendants conduct substantial business in this district, Defendants have intentionally availed themselves of the laws and markets of this district, and Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

13.     Plaintiff is, and at all times relevant hereto has been, a citizen of the state of California.  Plaintiff purchased Nutrish dog food as the primary food source for her dog.  In or around September 2016, she switched from her previous dog food because Nutrish claimed that the Products were natural and had no artificial preservatives.  Plaintiff purchased the Products at least once per month

from the Target store located in Aliso Viejo, California.  During that time, Plaintiff was unaware that certain ingredients, including "Added Vitamins & Minerals," contained in the Products were not natural and were in fact chemicals and artificial and/or synthetic ingredients.  In or around February 2017, Plaintiff ceased purchasing Nutrish dog food upon learning the products were not natural as advertised. Plaintiff has suffered injury as a result of Defendants' actions.

14.   As the result of Defendants' deceptive conduct as alleged herein, Plaintiff was injured when she paid the purchase price or a price premium for the Products that did not deliver or otherwise conform to what Defendants promised. Plaintiff paid the above sum on the assumption that this was for natural pet food free of artificial preservatives and would not have paid this money had she known that they contained artificial preservatives and unnatural ingredients or would have purchased other products, which were premium, natural, or did not contain artificial preservatives.  Defendants represented and promised Plaintiff natural pet food free of artificial preservatives but delivered something else entirely, thereby depriving her of the benefit of her bargain.  Damages can be calculated through expert testimony at trial.  Further, should Plaintiff encounter the Products in the future, she can not rely on the truthfulness of the packaging, absent corrective changes to the packaging and advertising of the Products.

15.   Defendant APN is a Pennsylvania corporation with its principal place of business at 18746 Mill Street, Meadville, Pennsylvania.  Defendant APN's President and Chief Executive Officer is Jeff Watters.  Defendant APN's Executive Chairman, Sean Lang, is described as a fifth generation family member by the company's website.

16.   Defendant Ainsworth Pet Nutrition is a Delaware limited liability company with its principal place of business at 18746 Mill Street, Meadville, Pennsylvania.

17.   Defendants formulate, develop, manufacture, label, distribute, market,

advertise, and sell the Products under the Rachael Ray™ Nutrish® dog food products brand name throughout the United States. The advertising for the Products, relied upon by Plaintiff, was prepared and/or approved by Defendants and their agents, and was disseminated by Defendants and their agents through advertising and labeling that contained the misrepresentations alleged herein. The advertising and labeling for the Products was designed to encourage consumers to purchase the Products and reasonably misled the reasonable consumer, i.e., Plaintiff and the Class (as defined herein), into purchasing the Products. Defendants own, manufacture, and distribute the Products, and created and/or authorized the unlawful, fraudulent, unfair, misleading, and/or deceptive labeling and advertising for the Products.

18.    The Products, at a minimum, include:

1          (a)      Nutrish® Super Premium Food for Dogs, Real Chicken &
2    Veggies Recipe;



(b)      Nutrish® Super Premium Food for Dogs, Turkey, Brown Rice & Venison Recipe;

1      (c)     Nutrish® Super Premium Food for Dogs, Real Beef & Brown
2  Rice Recipe;

1          (d)    Dish™ Super Premium Food for Dogs, Chicken & Brown Rice

2 Recipe;



1          (e)      Dish™ Super Premium Food for Dogs, Beef & Brown Rice
2   Recipe;

1          (f)      Zero Grain™ - Grain Free Food for Dogs, Salmon & Sweet

2    Potato Recipe;

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          (g)     Zero Grain™ - Grain Free Food for Dogs, Turkey & Potato

2  Recipe;



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(h)      Zero Grain™ - Grain Free Food for Dogs, Beef, Potato & Bison Recipe;



1

(i)     Just 6® Food for Dogs, Lamb Meal & Brown Rice Recipe;

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17



18

19

20

21

22

23

24

25

26

27

28

1

(j)     Nutrish® Wet Food for Dogs, Savory Lamb Stew;

2

3

4

5



6

7

8

9

10

11

12

13

14

15

(k)     Nutrish® Wet Food for Dogs, Chick Paw Pie™;

16

17

18

19



20

21

22

23

24

25

26

27

28

1    (l)  Nutrish® Wet Food for Dogs, Rustic Duck Stew;

2

3

4

5

6

7



8

9

10

11

12

13

14

15    (m)  Nutrish® Wet Food for Dogs, Beef Stroganwoof;

16

17

18

19

20

21

22



23

24

25

26

27

28

1         (n)     Nutrish® Wet Food for Dogs, Chicken Muttballs with Pasta;

2

3

4

5

6

7

8

9

10

11

12

13

14



15         (o)     Nutrish® Wet Food for Dogs, Hearty Beef Stew;

16

17

18

19

20

21

22

23

24

25

26

27

28



1

(p)      Nutrish® Wet Food for Dogs, Variety Pack;

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          (q)     Nutrish® PEAK Ultra Premium Food for Dogs, Open Range

2   Recipe™ with Beef, Venison & Lamb; and



1    (r)    Nutrish® PEAK Ultra Premium Food for Dogs, Northern
Woodlands Recipe™ with Turkey, Duck & Quail.



# FACTUAL ALLEGATIONS

**Defendants Misleadingly Market Their Products as Natural and Free of Artificial Preservatives**

19.     Defendants formulate, develop, manufacture, label, distribute, market, advertise, and sell their extensive Rachael Ray™ Nutrish® lines of dry and wet pet food products across the United States.

20.     The Products are available at numerous retail and online outlets.

21.     In addition to the "natural" and "no artificial preservatives" claims on the front of each Product, the official Nutrish website displays the Products' descriptions and full lists of ingredients for most of the Products.  The Products' webpages again and again make Defendants' "natural" and "no artificial preservatives" misrepresentations.   For instance, Nutrish's website states the following regarding its dry and wet lines of dog food:

> Inspired by recipes from Rachael's kitchen, every Rachael Ray™ Nutrish® Super Premium Dry Food for Dogs is made with natural ingredients like real meat and wholesome veggies with added vitamins & minerals. There's never any poultry by-product meal, artificial flavors or artificial preservatives. They're just simple good-for-your-dog recipes that taste great.
>
> …
>
> The first, natural wet food for dogs from Rachael Ray. Each delicious entrée is inspired by recipes from Rachael's kitchen and made with simple ingredients like tender meat and wholesome veggies. There's never any corn, wheat or soy and no artificial fillers or flavors — just essential vitamins and minerals for a nutritious, delicious food your dog will love.

Likewise, the Frequently Asked Questions section of Nutrish's website makes repeated representations regarding the "natural" qualities of its products, such as the following:

**Are there artificial flavors in Nutrish Natural Wet Food for Dogs?**

No, our Wet Food for Dogs is a natural product with added vitamins and minerals. We do not add any artificial flavors. Instead, our recipes are made with simple, natural ingredients that are naturally delicious.

22.  Plaintiff purchased the Products, which repeatedly claim, state, feature, represent, or otherwise market on their labeling and/or on Defendants' website that they were "natural" and contain "no artificial preservatives."

23.  Defendants have also engaged in a multi-million dollar advertising campaign that has utilized, among other things, television, print, digital, and even a food truck.[1]  Much like Nutrish's website and the Products' labels, many of these advertisements explicitly claim, feature, state, represent, advertise, or otherwise market that Nutrish's Products are "natural" and/or contain no "artificial preservatives." For instance, the announcer in a 2015 Nutrish commercial proclaims that Nutrish dog food contains "simple, natural ingredients."[2]  Similarly, a Nutrish commercial from 2016 also states that Nutrish dog food contains "simple, natural ingredients."[3]  The following advertisement for Nutrish® Wet Food for Dogs, Beef Stroganwoof also discusses the products "natural" qualities:

---

[1] Tanya Gazdik, *Rachael Ray's Nutrish Pet Food Launches $40 Million Campaign* Media Post (May 6, 2016), http://www.mediapost.com/publications/article/275164/rachael-rays-nutrish-pet-food-launches-40-millio.html; Elizabeth Olson, *A Rachael Ray Food Truck for the Dogs* N.Y. Times (Oct. 17, 2012), http://www.nytimes.com/2012/10/18/business/media/rachael-ray-promotes-nutrish-dog-food-with-a-truck.html; Felicia Greiff, *Rachael Ray's Nutrish Set to Double Ad Spend This Year* Advert Age (Mar. 19, 2015), http://adage.com/article/advertising/rachael-ray-s-nutrish-set-double-ad-spend-year/297674/.

[2] https://www.ispot.tv/ad/7eCS/rachael-ray-nutrish-if-pets-could-make-their-food-ft-rachael-ray

[3] https://www.ispot.tv/ad/AfDQ/rachael-ray-nutrish-zero-grain-grocery-store

- 24 -



24. Plaintiff saw the same or similar communications, representations, commercials, or advertising when determining to purchase Nutrish Products. Further, Plaintiff also saw in-store communications, representations, or advertisements, such as coupons and/or deal advertisements placed by the Products, when determining to purchase the Products.

25. By claiming, featuring, representing, advertising, or otherwise marketing that the Products are "natural" and have "no artificial preservatives," Defendants sought to capitalize on consumers' preference for less processed products with fewer additives. Defendants also capitalized on their knowledge that consumers are willing to and did pay more for products with no additives.

26.     Unsurprisingly, Defendants have an interest in claiming, representing, advertising, marketing, and labeling their Products as "natural" and free of artificial preservatives despite the presence of L-Ascorbyl-2-Polyphosphate, Menadione Sodium Bisulfite Complex, Thiamine Mononitrate, "natural flavors," and a variety of caramel color, as this would allow them to charge a premium for their Products and give them an advantage over their competitors that use artificial preservatives and do not market as "natural" and an unfair advantage against natural brands which actually meet what is claimed, stated, featured, advertised, and marketed.

**L-Ascorbyl-2-Polyphosphate, Menadione Sodium Bisulfite Complex, Thiamine Mononitrate, "Natural Flavors," and Caramel Colors Are Unnatural Ingredients**

27.     Defendants' Products state, represent, claim, feature, and market to be natural, yet they contain chemicals and artificial and/or synthetic ingredients, including L-Ascorbyl-2-Polyphosphate, Menadione Sodium Bisulfite Complex, Thiamine Mononitrate, "natural flavors," and caramel color.   However, L-Ascorbyl-2-Polyphosphate, Menadione Sodium Bisulfite Complex, Thiamine Mononitrate, "natural flavors," and caramel color are not naturally occurring, and are instead chemicals and artificial and/or synthetic ingredients that are made and/or produced by humans.  Although the FDA has not engaged in rulemaking to establish a formal definition for the term "natural" for use with human or pet food, the agency has considered the term "natural" to mean that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in that food.   Thus, Defendants engaged in deceptive labeling practice by expressly representing on the Products' labels and website that the Products are "natural" and have "no artificial preservatives" despite the presence of these chemicals and artificial and/or synthetic ingredients.

28.     Caramel color is also an artificial ingredient, and therefore unnatural.

29.     While Defendants' claimed otherwise in the response to Plaintiff's Consumer Legal Remedies Act letter, caramel color is present in Defendants' Products:[4]

**Chicken Paw Pie**: Chicken Broth, Chicken, Dried Egg Product, Pea Protein, Ground Tapioca, Sweet Potatoes, Green Beans, Pineapple, Tricalcium Phosphate, Natural Flavor, Guar Gum, Salt, Potassium Chloride, Choline Chloride, Taurine, L-Ascorbyl-2-Polyphosphate (Source of Vitamin C), *Caramel (color)*, Zinc Proteinate, Vitamin E Supplement, Iron Proteinate, Niacin, Copper Proteinate, Calcium Pantothenate, Thiamine Mononitrate, Manganese Proteinate, Riboflavin, Pyridoxine Hydrochloride, Vitamin A Acetate, Calcium Iodate, Folic Acid, Biotin, Vitamin D3 Supplement, Vitamin B12 Supplement.

**Hearty Beef Stew**: Beef Broth, Beef, Dried Egg Product, Chicken, Pea Protein, Natural Flavors, Ground Tapioca, Potatoes, Carrots, Green Peas, Tricalcium Phosphate, Guar Gum, Salt, *Caramel (color)*, Potassium Chloride, Choline Chloride, Taurine, L-Ascorbyl-2-Polyphosphate (Source of Vitamin C), Zinc Proteinate, Vitamin E Supplement, Iron Proteinate, Niacin, Copper Proteinate, Calcium Pantothenate, Thiamine Mononitrate, Manganese Proteinate, Riboflavin, Pyridoxine Hydrochloride, Vitamin A Acetate, Calcium Iodate, Folic Acid, Biotin, Vitamin D3 Supplement, Vitamin B12 Supplement.

**Savory Lamb Stew**: Lamb Broth, Lamb, Dried Egg Product, Chicken, Pea Protein, Ground Tapioca, Natural Flavors, Carrots, Brown Rice, Tricalcium Phosphate, Guar Gum, Salt, Spinach, Potassium Chloride, *Caramel (color)*, Choline Chloride, Taurine, L-Ascorbyl-2-Polyphosphate (Source of Vitamin C), Zinc Proteinate, Vitamin E Supplement, Iron Proteinate, Niacin, Copper Proteinate, Calcium Pantothenate, Thiamine Mononitrate, Manganese Proteinate, Riboflavin, Pyridoxine Hydrochloride, Vitamin A Acetate, Calcium Iodate, Folic Acid, Biotin, Vitamin D3 Supplement, Vitamin B12 Supplement.

---

[4] Chewy,   https://www.chewy.com/rachael-ray-nutrish-naturally/dp/128026   (last visited Oct. 2, 2017).

**Chicken Paw Pie™**

**INGREDIENTS:** Chicken Broth, Chicken, Dried Egg Product, Pea Protein, Ground Tapioca, Sweet Potatoes, Green Beans, Pineapple, Tricalcium Phosphate, Natural Flavor, Guar Gum, Salt, Potassium Chloride, Choline Chloride, Taurine, L-Ascorbyl-2-Polyphosphate (Source of Vitamin C), Caramel (color), Zinc Proteinate, Vitamin E Supplement, Iron Proteinate, Niacin, Copper Proteinate, Calcium Pantothenate, Thiamine Mononitrate, Manganese Proteinate, Riboflavin, Pyridoxine Hydrochloride, Vitamin A Acetate, Calcium Iodate, Folic Acid, Biotin, Vitamin D3 Supplement, Vitamin B12 Supplement.        1407070000 WD02v4

**GUARANTEED ANALYSIS:**

| | | | |
|---|---|---|---|
| Crude Protein | 9.0% (min.) | Crude Fiber | 2.0% (max.) |
| Crude Fat | 2.0% (min.) | Moisture | 78.0% (max.) |

**CALORIE CONTENT (CALCULATED):** Rachael Ray™ Nutrish® Chicken Paw Pie with Sweet Potatoes & Green Beans contains 1037 kcal/kg or 235 kcal/8 oz tub of metabolizable energy as fed.

Rachael Ray™ Nutrish® Chicken Paw Pie™ with Sweet Potatoes & Green Beans is formulated to meet the nutritional levels established by the AAFCO (Association of American Feed Control Officials) Dog Food Nutrient profiles for all life stages.

**Hearty Beef Stew**

**INGREDIENTS:** Beef Broth, Beef, Dried Egg Product, Chicken, Pea Protein, Natural Flavors, Ground Tapioca, Potatoes, Carrots, Green Peas, Tricalcium Phosphate, Guar Gum, Salt, Caramel (color), Potassium Chloride, Choline Chloride, Taurine, L-Ascorbyl-2-Polyphosphate (Source of Vitamin C), Zinc Proteinate, Vitamin E Supplement, Iron Proteinate, Niacin, Copper Proteinate, Calcium Pantothenate, Thiamine Mononitrate, Manganese Proteinate, Riboflavin, Pyridoxine Hydrochloride, Vitamin A Acetate, Calcium Iodate, Folic Acid, Biotin, Vitamin D3 Supplement, Vitamin B12 Supplement.        1407070000 WD03v4

**GUARANTEED ANALYSIS:**

| | | | |
|---|---|---|---|
| Crude Protein | 9.0% (min.) | Crude Fiber | 2.0% (max.) |
| Crude Fat | 2.0% (min.) | Moisture | 78.0% (max.) |

**CALORIE CONTENT (CALCULATED):** Rachael Ray™ Nutrish® Hearty Beef Stew with Potatoes, Carrots & Peas contains 1109 kcal/kg or 252 kcal/8 oz tub of metabolizable energy as fed.

Rachael Ray™ Nutrish® Hearty Beef Stew with Potatoes, Carrots & Peas is formulated to meet the nutritional levels established by the AAFCO (Association of American Feed Control Officials) Dog Food Nutrient profiles for all life stages.

**Savory Lamb Stew**

**INGREDIENTS:** Lamb Broth, Lamb, Dried Egg Product, Chicken, Pea Protein, Ground Tapioca, Natural Flavors, Carrots, Brown Rice, Tricalcium Phosphate, Guar Gum, Salt, Spinach, Potassium Chloride, Caramel (color), Choline Chloride, Taurine, L-Ascorbyl-2-Polyphosphate (Source of Vitamin C), Zinc Proteinate, Vitamin E Supplement, Iron Proteinate, Niacin, Copper Proteinate, Calcium Pantothenate, Thiamine Mononitrate, Manganese Proteinate, Riboflavin, Pyridoxine Hydrochloride, Vitamin A Acetate, Calcium Iodate, Folic Acid, Biotin, Vitamin D3 Supplement, Vitamin B12 Supplement.        1407070000 WD01v4

**GUARANTEED ANALYSIS:**

| | | | |
|---|---|---|---|
| Crude Protein | 9.0% (min.) | Crude Fiber | 2.0% (max.) |
| Crude Fat | 2.0% (min.) | Moisture | 78.0% (max.) |

**CALORIE CONTENT (CALCULATED):** Rachael Ray™ Nutrish® Savory Lamb Stew with Carrots, Brown Rice & Spinach contains 1044 kcal/kg or 237 kcal/8 oz tub of metabolizable energy as fed.

Rachael Ray™ Nutrish® Savory Lamb Stew with Carrots, Brown Rice & Spinach is formulated to meet the nutritional levels established by the AAFCO (Association of American Feed Control Officials) Dog Food Nutrient profiles for all life stages.

30.   Nutrish's Product labels state, claim, represent, and describe the food as natural without any disclosure that this is limited to only certain ingredients and that the disclosure excludes the added vitamins and minerals.   As a result, consumers such as Plaintiff were unaware that certain ingredients, including "Added Vitamins & Minerals," contained in the Products were not natural.

## DEFENDANTS' "NATURAL" MISREPRESENTATION VIOLATES CALIFORNIA LAWS

31. California law is designed to ensure that a company's claims about its products are truthful and accurate. Defendants violated California law by incorrectly claiming that the Products are natural.

32. Defendants' marketing and advertising campaign has been sufficiently lengthy in duration, and widespread in dissemination, that it would be unrealistic to require Plaintiff to plead relying upon each advertised misrepresentation.

33. Defendants have engaged in this long-term advertising campaign to convince potential customers that the Products lack unnatural ingredients.

## DEFENDANTS' "NO ARTIFICIAL PRESERVATIVES" MISREPRESENTATION VIOLATES CALIFORNIA LAWS

34. California law is designed to ensure that a company's claims about its products are truthful and accurate. Defendants violated California law by incorrectly claiming that the Products contain "no artificial preservatives."

35. Defendants' marketing and advertising campaign has been sufficiently lengthy in duration, and widespread in dissemination, that it would be unrealistic to require Plaintiff to plead relying upon each advertised misrepresentation.

36. Defendants have engaged in this long-term advertising campaign to convince potential customers that the Products lack artificial preservatives.

## PLAINTIFF'S RELIANCE WAS REASONABLE AND FORESEEN BY DEFENDANTS

37. Plaintiff reasonably relied on Defendants' own statements, misrepresentations, and advertising concerning the particular qualities and benefits of the Products.

38. Plaintiff read and relied upon the labels on the Products in making her purchasing decisions, along with viewing the statements, misrepresentations, and advertising on Defendants' website and elsewhere on the Internet.

39. A reasonable consumer would consider the labeling of a product when

- 29 -

deciding whether to purchase.  Here, Plaintiff relied on the specific statements and misrepresentations by Defendants that the Products were natural and did not contain artificial preservatives.

### DEFENDANTS' KNOWLEDGE AND NOTICE OF THEIR BREACHES OF THEIR EXPRESS AND IMPLIED WARRANTIES

40.     Defendants had sufficient notice of their breaches of their express and implied warranties.   Defendants had, and have, exclusive knowledge of the physical and chemical make-up of the Products.

### PRIVITY EXISTS WITH PLAINTIFF AND THE PROPOSED CLASS

41.     Defendants knew that consumers such as Plaintiff and the proposed Class (as defined herein) would be the end purchasers of the Products and the target of their advertising and statements.

42.     Defendants intended that their statements and representations would be considered by the end purchasers of the Products, including Plaintiff and the proposed Class.

43.     Defendants directly marketed to Plaintiff and the proposed Class through statements on their website, labeling, advertising, and packaging.

44.     Plaintiff and the proposed Class are the intended beneficiaries of the expressed and implied warranties.

### CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action individually and on behalf of the following class pursuant to Rule 23(a) and 23(b)(2) and (3) of the Federal Rules of Civil Procedure:

> All California citizens who, from February 4, 2010 to the present, purchased the Products for household use, and not for resale (the "Class").

46.     Excluded from the Class are the Defendants, any of their parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives,

employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

47.     This action is brought and may be properly maintained as a class action.  There is a well-defined community of interests in this litigation and the members of the Class are easily ascertainable.

48.     The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and Court.

49.     Questions of law and fact common to Plaintiff and the Class include, but are not limited to, the following:

        (a)     whether Defendants owed a duty of care to the Class;

        (b)     whether Defendants represented and continue to represent that the Products are natural and do not contain artificial preservatives;

        (c)     whether Defendants' representations in advertising and/or labeling are false, deceptive, and misleading;

        (d)     whether those representations are likely to deceive a reasonable consumer;

        (e)     whether Defendants had knowledge that those representations were false, deceptive, and misleading;

        (f)     whether Defendants continue to disseminate those representations despite knowledge that the representations are false, deceptive, and misleading;

        (g)     whether a representation that a product is natural and does not contain artificial preservatives is material to a reasonable consumer;

        (h)     whether Defendants' representations and claims that the Products are natural and do not contain artificial preservatives are likely to mislead, deceive, confuse, or confound consumers acting reasonably;

(i)    whether Defendants violated California Business & Professions Code sections 17200, *et seq.*;

(j)    whether Defendants violated California Business & Professions Code sections 17500, *et seq.*;

(k)    whether Defendants violated California Civil Code sections 1750, *et seq.*;

(l)    whether Plaintiff and the members of the Class are entitled to actual, statutory, and punitive damages; and

(m)    whether Plaintiff and members of the Class are entitled to declaratory and injunctive relief.

50.    Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class.  Identical statutory violations and business practices and harms are involved.   Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

51.    Plaintiff's claims are typical of Class members' claims in that they are based on the same underlying facts, events, and circumstances relating to Defendants' conduct.

52.    Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action, consumer protection, and false advertising litigation.

53.    Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is small such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

54.    Questions of law and fact common to the Class predominate over any questions affecting only individual Class members.

55.   As a result of the foregoing, Class treatment is appropriate.

## COUNT I

**(Violations of California's Consumer Legal Remedies Act, California Civil Code §§1750, *Et Seq.*, Against Defendants)**

56.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

57.   Plaintiff and each proposed Class member is a "consumer," as that term is defined in California Civil Code section 1761(d).

58.   The Products are "goods," as that term is defined in California Civil Code section 1761(a).

59.   Each Defendant is a "person" as that term is defined in California Civil Code section 1761(c).

60.   Plaintiff and each proposed Class member's purchase of Defendants' Products constituted a "transaction," as that term is defined in California Civil Code section 1761(e).

61.   Plaintiff started purchasing Nutrish dog food in or around September 2016 because of Defendants' advertisements and labels that represented that the Products were natural and contained no artificial preservatives.  Plaintiff purchased the Products at least once per month from approximately September 2016 through February 2017.  The type of products she bought varied between Nutrish® Super Premium Food for Dogs, Real Chicken & Veggies Recipe; Nutrish® Super Premium Food for Dogs, Turkey, Brown Rice & Venison Recipe; Dish™ Super Premium Food for Dogs, Chicken & Brown Rice Recipe; and Zero Grain™ - Grain Free Food for Dogs, Salmon & Sweet Potato Recipe.  During that time, Plaintiff was unaware that certain ingredients, including "Added Vitamins & Minerals," contained in the Products were not natural and were in fact chemicals and artificial and/or synthetic ingredients.  Indeed, Nutrish's own label describes the food as natural without any disclosure that this is limited to only certain ingredients and

excludes the added vitamins and minerals. Further, Defendants utilized a misleading and deceptive multi-million dollar advertising campaign, which included television advertisements, labels, and packaging, that prominently declared that the Products are natural, knowing that the claimed natural make-up of its Products is something an average consumer would consider in purchasing dog food. Plaintiff reviewed and relied on this widespread advertising in purchasing the Products.

62.     Defendants' conduct alleged herein violates the following provisions of California's Consumer Legal Remedies Act (the "CLRA"):

(a)     California Civil Code section 1770(a)(5), by representing that the Products are natural and contain no artificial preservatives;

(b)     California Civil Code section 1770(a)(7), by representing that the Products were of a particular standard, quality, or grade, when they were of another;

(c)     California Civil Code section 1770(a)(9), by advertising the Products with intent not to sell them as advertised; and

(d)     California Civil Code section 1770(a)(16), by representing that the Products have been supplied in accordance with previous representations when they have not.

63.     As a direct and proximate result of these violations, Plaintiff and the Class have been harmed, and that harm will continue unless Defendants are enjoined from using the misleading marketing described herein in any manner in connection with the advertising and sale of the Products.

64.     On January 3, 2017, counsel for Plaintiff and the proposed Class provided Defendants with written notice (via U.S. certified mail, return receipt requested) that their conduct is in violation of the CLRA. On January 9, 2017, Defendants received Plaintiff's CLRA letter. Defendants responded on February 2, 2017.

65.     Defendants failed to provide appropriate relief for their violations of CLRA sections 1770(a)(5), (7), (9) and (16) within thirty days of receipt of Plaintiff's notification.    In accordance with CLRA section 1782(b), Plaintiff and the Class are entitled, under CLRA section 1780, to recover and obtain the following relief for Defendants' violations of CLRA sections 1770(a)(5),(7), (9) and (16):

(a)     actual damages under CLRA section 1780(a)(1);

(b)     restitution of property under CLRA section 1780(a)(3);

(c)     punitive damages under CLRA section 1780(a)(4) and because Defendants have engaged in fraud, malice or oppression; and

(d)     any other relief the Court deems proper under CLRA section 1780(a)(5).

66.     Plaintiff seeks an award of attorney's fees pursuant to, inter alia, California Civil Code section 1780(e) and California Code of Civil Procedure section 1021.5.

## COUNT II

### (Violations of California False Advertising Law, California Business & Professions Code §§17500, *Et Seq.*, Against Defendants)

67.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

68.     California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading."  Cal. Bus. & Prof. Code §17500.

69.     Plaintiff started purchasing Nutrish dog food in or around September 2016 because of Defendants' advertisements and labels that represented that the Products were natural and contained no artificial preservatives.  Plaintiff purchased the Products at least once per month from approximately September 2016 through February 2017.  The type of products she bought varied between Nutrish® Super

Premium Food for Dogs, Real Chicken & Veggies Recipe; Nutrish® Super Premium Food for Dogs, Turkey, Brown Rice & Venison Recipe; Dish™ Super Premium Food for Dogs, Chicken & Brown Rice Recipe; and Zero Grain™ - Grain Free Food for Dogs, Salmon & Sweet Potato Recipe.  During that time, Plaintiff was unaware that certain ingredients, including "Added Vitamins & Minerals," contained in the Products were not natural and were in fact chemicals and artificial and/or synthetic ingredients.  Indeed, Nutrish's own label describes the food as natural without any disclosure that this is limited to only certain ingredients and excludes the added vitamins and minerals.  Further, Defendants utilized a misleading and deceptive multi-million dollar advertising campaign, which included television advertisements, labels, and packaging, that prominently declared that the Products are natural, knowing that the claimed natural make-up of its Products is something an average consumer would consider in purchasing dog food.  Plaintiff reviewed and relied on this widespread advertising in purchasing the Products.

70.    As set forth herein, Defendants' claims that the Products are natural and do not contain artificial preservatives are literally false and likely to deceive the public.

71.    Defendants' claims that the Products are natural and do not contain artificial preservatives are untrue or misleading.

72.    Defendants knew, or reasonably should have known, that the claims were untrue or misleading.

73.    Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff's desire to purchase these Products in the future if she can be assured that, so long as the Products are advertised as natural and without artificial preservatives truly are natural and do not contain any artificial preservatives.

74.    Plaintiff and members of the Class are entitled to injunctive and equitable relief, and restitution in the amount they spent on the Products.

**COUNT III**

**(Violations of the Unfair Competition Law, California Business & Professions Code §§17200, *Et Seq.*, Against Defendants)**

75.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

76.    The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code §17200.

77.    Plaintiff started purchasing Nutrish dog food in or around September 2016 because of Defendants' advertisements and labels that represented that the Products were natural and contained no artificial preservatives.  Plaintiff purchased the Products at least once per month from approximately September 2016 through February 2017.  The type of products she bought varied between Nutrish® Super Premium Food for Dogs, Real Chicken & Veggies Recipe; Nutrish® Super Premium Food for Dogs, Turkey, Brown Rice & Venison Recipe; Dish™ Super Premium Food for Dogs, Chicken & Brown Rice Recipe; and Zero Grain™ - Grain Free Food for Dogs, Salmon & Sweet Potato Recipe.  During that time, Plaintiff was unaware that certain ingredients, including "Added Vitamins & Minerals," contained in the Products were not natural and were in fact chemicals and artificial and/or synthetic ingredients.  Indeed, Nutrish's own label describes the food as natural without any disclosure that this is limited to only certain ingredients and excludes the added vitamins and minerals.  Further, Defendants utilized a misleading and deceptive multi-million dollar advertising campaign, which included television advertisements, labels, and packaging, that prominently declared that the Products are natural, knowing that the claimed natural make-up of its Products is something an average consumer would consider in purchasing dog

food.  Plaintiff reviewed and relied on this widespread advertising in purchasing the Products.

**Fraudulent**

78.     Defendants' statements that the Products are natural and do not contain artificial preservatives are literally false and likely to deceive the public.

**Unlawful**

79.     As alleged herein, Defendants have advertised the Products with false or misleading claims, such that Defendants' actions as alleged herein violate at least the following laws:

•     The CLRA, California Business & Professions Code sections 1750, *et seq.*; and

•     The False Advertising Law, California Business & Professions Code sections 17500, *et seq.*

**Unfair**

80.     Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Products is unfair because Defendants' conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

81.     Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Products is also unfair because it violates public policy as declared by specific constitutional, statutory, or regulatory provisions, including, but not limited to, the False Advertising Law and the CLRA.

82.     Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Products is also unfair because the consumer injury is substantial, not outweighed by benefits to consumers or competition, and not one consumers, themselves, can reasonably avoid.

83.     In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign.  Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary.

84.     On behalf of herself and the Class, Plaintiff also seeks an order for the restitution of all monies from the sale the Products, which were unjustly acquired through acts of fraudulent, unfair, or unlawful competition.

## COUNT IV

### (Breach of Express Warranty,
### California Commercial Code §2313, Against Defendants)

85.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

86.     As set forth herein, Defendants made express representations to Plaintiff and the Class that the Products were natural and did not contain artificial preservatives.

87.     These promises became part of the basis of the bargain between the parties and thus constituted express warranties.

88.     There was a sale of goods from Defendants to Plaintiff and the Class members.

89.     On the basis of these express warranties, Defendants sold to Plaintiff and the Class the Products.

90.     Defendants knowingly breached the express warranties by including one or more unnatural ingredients in the Products.

91.     Defendants knowingly breached the express warranties by including one or more artificial preservatives in the Products.

92.     Defendants were on notice of this breach as they were aware of the included unnatural ingredients and artificial preservatives in the Products.

93.     Privity exists because Defendants expressly warranted to Plaintiff and the Class that the Products did not contain preservatives through the marketing and labeling.

94.     Plaintiff and the Class reasonably relied on the express warranties by Defendants.

95.     As a result of Defendants' breaches of their express warranties, Plaintiff and the Class sustained damages as they paid money for the Products that were not what Defendants represented.

96.     Plaintiff, on behalf of herself and the Class, seeks actual damages for Defendants' breach of warranty.

## COUNT V

**(Breach of Implied Warranty, California Commercial Code §2314, Against Defendants)**

97.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

98.     As set forth herein, Defendants made affirmations of fact on the Products' labels to Plaintiff and the Class that the Products were natural and free of artificial preservatives.

99.     The Products did not conform to these affirmations and promises as they contained unnatural ingredients and artificial preservatives.

100.    These promises became part of the basis of the bargain between the parties and thus constituted express warranties.

101.    Defendants are merchants engaging in the sale of goods to Plaintiff and the Class.

102.    There was a sale of goods from Defendants to Plaintiff and the Class members.

103.   Defendants breached the implied warranties by selling the Products that failed to conform to the promises or affirmations of fact made on the container or label as each Product contained one or more artificial preservatives.

104.   Defendants were on notice of this breach as they were aware of the unnatural ingredients included in the Products.

105.   Defendants were on notice of this breach as they were aware of the artificial preservatives included in the Products.

106.   Privity exists because Defendants expressly warranted to Plaintiff and the Class that the Products were natural and did not contain artificial preservatives through the advertising, marketing, and labeling.

107.   As a result of Defendants' breaches of their implied warranties of merchantability, Plaintiff and the Class sustained damages as they paid money for the Products that were not what Defendants represented.

108.   Plaintiff, on behalf of herself and the Class, seeks actual damages for Defendants' breach of warranty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against the Defendants as to each and every count, including:

A.   An order declaring this action to be a proper class action, appointing Plaintiff and her counsel to represent the Class, and requiring Defendants to bear the costs of class notice;

B.   An order enjoining Defendants from selling the Products in any manner suggesting or implying that they are natural and free of artificial preservatives;

C.   An order requiring Defendants to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief, such as recalling existing products;

D.      An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendants' past conduct;

E.      An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of the Unfair Competition Law, False Advertising Law, or CLRA, plus pre- and post-judgment interest thereon;

F.      An order requiring Defendants to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

G.      An order requiring Defendants to pay all actual and statutory damages permitted under the causes of action alleged herein, including under CLRA section 1780(a)(1), in an amount to be determined by this Court but at least $5,000,000;

H.      An order requiring Defendants to pay punitive damages on any cause of action so allowable, including under CLRA section 1780(a)(4) and because Defendants have engaged in fraud, malice, or oppression;

I.      An order awarding attorneys' fees and costs to Plaintiff and the Class; and

J.      An order providing for all other such equitable relief as may be just and proper, including under CLRA section 1780(a)(5).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 2, 2017          ROBBINS ARROYO LLP
                                BRIAN J. ROBBINS
                                KEVIN A. SEELY
                                STEVEN McKANY
                                LEONID KANDINOV

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/*Steven M. McKany*
STEVEN McKANY

600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsarroyo.com
        kseely@robbinsarroyo.com
        smckany@robbinsarroyo.com
        lkandinov@robbinsarroyo.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
ROBERT K. SHELQUIST
REBECCA A. PETERSON
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rkshelquist@locklaw.com
        rapeterson@locklaw.com

Attorneys for Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2017, I authorized the electronic filing of the foregoing SECOND AMENDED CLASS ACTION COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List for this action.

*/s/ Steven M. McKany*

# Mailing Information for a Case 8:17-cv-00356-JVS-JCG Christina Grimm v. APN, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Caitlin Comstock Blanche**
  caitlin.blanche@klgates.com,christine.dart@klgates.com

- **Ellen Lynn Darling**
  ellen.darling@klgates.com

- **Leonid Kandinov**
  lkandinov@robbinsarroyo.com,rsalazar@robbinsarroyo.com,notice@robbinsarroyo.com

- **Steven M McKany**
  smckany@robbinsarroyo.com,rsalazar@robbinsarroyo.com,notice@robbinsarroyo.com

- **Rebecca Anne Peterson**
  rapeterson@locklaw.com,bgilles@locklaw.com

- **Brian J Robbins**
  brobbins@robbinsarroyo.com,notice@robbinsarroyo.com

- **Kevin A Seely**
  kseely@robbinsarroyo.com,notice@robbinsarroyo.com

- **Robert K Shelquist**
  rkshelquist@locklaw.com,aanewfield@locklaw.com,kjleroy@locklaw.com,bgilles@locklaw.com

- **Conrad B Stephens**
  conrad@stephensfirm.com,notice@robbinsarroyo.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)