ROBBINS ARROYO LLP
BRIAN J. ROBBINS (190264)
brobbins@robbinsarroyo.com
KEVIN A. SEELY (199982)
kseely@robbinsarroyo.com
LEONID KANDINOV (279650)
lkandinov@robbinsarroyo.com
STEVEN M. McKANY (271405)
smckany@robbinsarroyo.com
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

LOCKRIDGE GRINDAL
NAUEN P.L.L.P.
ROBERT K. SHELQUIST (*pro hac vice*)
rkshelquist@locklaw.com
REBECCA A. PETERSON (241858)
rapeterson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

Attorneys for Plaintiff
CHRISTINA GRIMM

[Additional counsel on signature page.]

K&L GATES LLP
ELLEN L. DARLING (149627)
ellen.darling@klgates.com
CAITLIN C. BLANCHE (254109)
caitlin.blanche@klgates.com
ANDREW S. GAHAN (300598)
andrew.gahan@klgates.com
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Telephone: (949) 253-0900
Facsimile: (949) 253-0902

Attorneys for Defendants
AINSWORTH PET NUTRITION,
LLC and APN, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINA GRIMM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APN, INC., a Pennsylvania corporation, et al.,<br><br>Defendants. | Case No. 8:17-cv-00356-JVS-JCG<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. James V. Selna<br>Magistrate Judge: Hon. Jay C. Gandhi |

Plaintiff Christina Grimm and defendants APN, Inc. and Ainsworth Pet Nutrition, LLC ("Defendants") (collectively, "the "Parties") recognize that they may possess information and documents related to the subject matter of the above-captioned litigation (the "Litigation") that are confidential and that in the course of discovery it may be necessary to disclose such information and documents. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, ensure that such confidential information is not used for any purpose other than the Litigation, the Parties have consented to the entry of this Stipulated Protective Order ("Order").

Based upon good cause and pursuant to the Court's authority under Rule 26(c)(1),[1] it is hereby ORDERED:

1. **<u>Scope of Order.</u>** This Order is intended to facilitate the Parties' production of information and documents as part of voluntary disclosure and in response to discovery requests. Nothing in this Order is to be construed to expand or limit the Parties' discovery obligations. This Order covers the production and use of all Protected Documents (defined below) in this action that constitute, contain or disclose, in whole or in part, information which the Designating Party (defined below) designates as "Confidential" or "Confidential--Attorneys' Eyes Only." This Order is also intended to apply to any documents produced to the Parties by a non-party in connection with a subpoena or other request. Nothing in this Order will prevent counsel from using Protected Documents or information designated as "Confidential" or "Confidential--Attorneys' Eyes Only" in connection with any work-product created by or on behalf of that counsel. Such work-product may be retained by the counsel creating it, provided that such work-

---

[1] Unless otherwise noted, all references to "Rule __" are to the Federal Rules of Civil Procedure and references to "Evidence Rule __" are to the Federal Rules of Evidence.

product does not duplicate verbatim substantial portions of Protected Documents or information designated as "Confidential" or "Confidential--Attorneys' Eyes Only". Such work-product will remain confidential and governed by this Order. This Order will become effective when the Court has entered the Order.

**2. <u>General Definitions.</u>** For purposes of this Order, the following terms have the following meanings:

a. "Designating Party" means the Party or non-party designating Discovery Material as "Confidential" or "Confidential--Attorneys' Eyes Only."

b. "Discovery Material" means and includes, without limitation, Documents, including Electronically Stored Information ("ESI"), responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, digital media (such as CD-ROMs or DVDs), deposition transcripts and exhibits thereto, including excerpts and verbatim summaries of depositions, and information provided by or on behalf of the Parties or any third parties pursuant to subpoena or otherwise in the course of discovery.

c. "Document" means, without limitation, all written material and all other tangible items, produced in whatever format (*e.g.*, hard copy, electronic, digital, etc.) and on whatever media (*e.g.*, hardcopy, videotape, CD-ROM, DVD, hard drive or otherwise) defined pursuant to Rule 34.

d. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the Litigation who: (1) has been retained by a Party or its counsel to serve as a testifying witness or as a consultant in this action; (2) is not a past or current employee, contractor, or consultant of any Party; (3) at the time of retention, is not anticipated to become an employee of any Party; and (4) is not an employee of, or a contractor or consultant for, any company that manufactures, markets, or sells, or has sold, any dog food.

e. "Litigation" means the above-captioned litigation.

1         f.      "Party" or "Parties" means the Plaintiff and Defendants in this Litigation.

g.      "Producing Party" means a Party that produces documents.

h.      "Protected Document" means a document to be produced in this Litigation which has been marked "Confidential" or "Confidential--Attorneys' Eyes Only" as set forth in this Order.

i.      "Protected Information" means information produced in this Litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work-product protection.

j.      "Receiving Party" means a Party to whom documents are produced.

**3.**      **Designating Confidential Information.**

a.      All designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender. The Designating Party has the burden of proof with respect to any confidentiality designations.

b.      A Designating Party may designate as "Confidential" the whole or a portion of any Discovery Material that the Designating Party believes in good faith and in accordance with Rule 26(c) contains confidential information, including, but not limited to, research, development, product design, financial, technical, marketing, surveys, product planning, personal and/or commercial information not available to the public and/or information deemed confidential under federal or state law.

c.      A Designating Party may designate as "Confidential--Attorneys' Eyes Only" the whole or that portion of any Discovery Material that the Designating Party reasonably believes in good faith in accordance Rule 26(c) contains highly sensitive information that, if disclosed to a competitor, customer, or other person, may cause competitive or other harm, including, but not limited to, any (1) trade secrets, (2) confidential research, developmental, financial or

commercial information, (3) highly sensitive personal information (such as credit information, addresses and/or social security numbers), (4) pricing information or (5) highly sensitive customer information.

  d. The designation of confidentiality may be made by marking or placing the applicable notice "Confidential," "Confidential--Attorneys' Eyes Only," or substantially similar notice, on the Document or, where a copy of the original Document is to be produced, on that copy. Any electronic, visual, or other Protected Documents not on paper shall be designated on the exterior surface of the container or object that contains the electronic, visual, or other non-paper Protected Documents. In addition, the Designating Party shall use its best efforts to affix the designation to any electronic, visual, or other medium so that the legend is visible while the medium is being viewed. Where a Designating Party's original Documents and/or physical objects are made available for inspection, the Designating Party may, in lieu of marking the original Document and/or physical object, orally designate such material. Making original materials available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials made available for inspection shall be treated as if designated pursuant to this Protective Order at the time of inspection. All Parties recognize that native format Documents cannot be so marked, and thus, to the extent native format Documents are produced, the Designating Party will make reasonable provisions for marking native format Documents in connection with transmission or retention of such documents on office systems.

  e. Any Protected Documents shall only be used, shown, or disclosed as provided for in this Order.

  f. The designation of Discovery Material as "Confidential" or "Confidential--Attorneys' Eyes Only" constitutes a representation that such Documents have been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation. If it comes to the Designating Party's

attention that Protected Documents do not qualify for designation as "Confidential" or "Confidential--Attorneys' Eyes Only" or do not otherwise qualify for the level of protection initially asserted, the Designating Party must timely notify all other Parties and correct the designation as appropriate.

   g. If a Receiving Party disagrees with the designation of any Protected Document, the following procedures shall apply:

    i. Counsel for the Receiving Party shall serve on the Designating Party a written objection to such designation, which shall describe with particularity the Documents or information in question and shall state the grounds for objection. Counsel for the Designating Party shall respond in writing to such objection within fourteen (14) days of service of the objection, and shall state with particularity the grounds for asserting that the Document or information is "Confidential" or "Confidential—Attorneys' Eyes Only." If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the Designating Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute and the challenged Documents or information shall be treated as originally designated during the meet and confer process.

    ii. If a dispute as to a "Confidential" or "Confidential—Attorneys' Eyes Only" designation of a Document or item of information cannot be resolved by agreement, the Designating Party shall present the dispute to the Court in accordance with the Court's procedure. The burden of persuasion in any such challenge shall be on the Designating Party. Any such motion shall be accompanied by a competent declaration that affirms the movant has complied with the meet and confer requirements of this procedure. The Document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

### 4. Use and Disclosure of Protected Documents.

a. The Parties and the persons or entities identified in Paragraphs (b)-(c) below shall prevent unauthorized or inadvertent disclosure of Protected Documents and shall keep all such materials and information and any copies, notes, extracts, summaries, or descriptions of such material within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Protected Documents or any portion thereof as designated, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information and shall not disseminate such Protected Documents other than in accordance with this Order.

b. Protected Documents labeled "Confidential" may be disclosed only to the following:

i. The Court and its personnel;

ii. The Parties;

iii. The Parties' in-house counsel and counsel of record for this Litigation including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel;

iv. Counsel of record in this Litigation, as well as paralegals, legal assistants, technical, administrative and clerical employees, as well as other attorneys or research staff at counsel of record's law firms who are working under the direct supervision of such counsel;

v. Experts, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

vi. The author(s) or any recipient of the document;

vii. Litigation support consultants and vendors who provide litigation support services (*e.g.*, photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations);

    viii. Any deponent if the witness authored or received a copy of it, is a current employee of the Party who produced the information or Document, or if the deponent signed a statement agreeing to abide by the terms of this Order, in the form attached hereto as Exhibit A;

    ix. Court reporters recording and/or transcribing deposition testimony; and

    x. Any person expressly named and agreed to in writing by the Parties or by further Order of the Court.

  c. Protected Documents labeled "Confidential—Attorneys' Eyes Only" may be disclosed only to the following:

    i. The Court and its personnel;

    ii. Counsel of record in this Litigation, as well as paralegals, legal assistants, technical, administrative and clerical employees, as well as other attorneys or research staff at counsel of record's law firms who are working under the direct supervision of such counsel;

    iii. Litigation support consultants and vendors who provide litigation support services (*e.g.*, photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations), provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    iv. Experts, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

    v. Party or third-party witnesses during the course of their depositions and otherwise, provided that (1) the third party or witness previously created, generated, or received the "Confidential—Attorneys' Eyes Only" material before the Litigation commenced, or is expressly mentioned, discussed, or referred to therein by name, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A; (2) the Court has determined that the "Confidential—Attorneys' Eyes Only" material may be shown to the deponent in

1 | ruling on a Party's objection to the designation as provided below; or (3) the
2 | Producing Party consents to such disclosure. Witnesses being shown Discovery
3 | Material designated "Confidential—Attorneys' Eyes Only" pursuant to this
4 | paragraph shall not be allowed to retain copies of the material. A witness who is
5 | shown Discovery Material designated "Confidential—Attorneys' Eyes Only"
6 | during a deposition, however, may review the material while reviewing his or her
7 | transcript, provided that any such material is not retained by the witness after he or
8 | she has completed his or her review of the transcript for accuracy. A witness is
9 | authorized to review a complete copy of his or her deposition transcript, including
10 | all exhibits, in preparation for testifying at any hearing or trial in connection with
11 | this action.

        d.    Confidential Discovery Material may be used solely in the Litigation, including any appeals, and may be disclosed only under the circumstances and to the persons specifically provided for in this Order, subsequent Court orders, or with the prior written consent of the Party producing the specifically-identified Discovery Material. Discovery Material may not be used for any other purpose, including, but not limited to:

            i.    The prosecution or defense of other actions not comprising or made part of the Litigation, unless explicitly permitted by the Court in this Litigation;

            ii.    Any proceeding before or application to any governmental or other agency; or

            iii.    Disclosure to media, customers, or competitors of any Party to the Litigation other than in accordance with the terms set forth herein.

Any counsel representing a Party in this Litigation and a party in other litigation involving one or more of the Defendants shall ensure that appropriate safeguards are in place to maintain the status of Discovery Material in this case in the manner outlined in this Paragraph 4(d).

e. To the extent Protected Documents are attached to, quoted in, or otherwise referred to in documents filed with the Court, such Protected Documents are subject to the Court's requirements for filing documents under seal as outlined in Paragraph 7 below.

f. To the extent Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such Documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with, referring to, or referencing the Protected Documents or information.

g. Protected Documents, whether produced electronically or otherwise, shall not be posted on any website or internet-accessible document repository that is accessible to anyone other than persons listed in Paragraphs (b)-(c) above.

h. All persons described in Paragraphs (b)-(c) above shall not under any circumstance sell, offer for sale, advertise or publicize either the Protected Documents and the information contained therein or the fact that such persons have obtained Protected Documents and confidential information.

i. For those persons identified in Paragraphs (b)-(c) above, any such persons shall not have access to Protected Documents without first having read, acknowledged, and agreed to be bound by this Order by executing the Agreement to be Bound attached as Exhibit A (the "Agreement to be Bound").

j. Each Party's counsel shall retain each such executed Agreement to be Bound and shall keep a list identifying all persons to whom Protected Documents have been disclosed. Each such executed Agreement to be Bound shall be made available to the Designating Party upon request and for good cause.

**5. Designation of Deposition Testimony.**

a. Deposition testimony that counsel for the Party or non-party witness tendering such testimony, in good faith, believes refers to Protected

1  Documents or information obtained therefrom, or includes confidential
2  information, shall be designated as "Confidential" or "Confidential--Attorneys'
3  Eyes Only" as applicable, by such counsel by making a statement on the record for
4  inclusion in the deposition transcript or, in writing, within thirty (30) calendar days
5  after receipt of the transcript.

6       b. When Protected Documents or information is designated as
7  confidential in a deposition transcript, the counsel making the designation shall
8  instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS
9  CONFIDENTIAL INFORMATION" on the cover page of the transcript and to
10 include, at the front of the transcript, a page identifying all pages and lines
11 designated "Confidential" or "Confidential--Attorneys' Eyes Only" in the
12 transcript.

13       c. To the extent that Protected Documents or confidential
14 information obtained therefrom are used in the taking of depositions and/or used as
15 exhibits at trial, such documents or information shall remain subject to the
16 provisions of this Order, along with the transcript pages of the deposition
17 testimony and/or trial testimony dealing with the Protected Documents or
18 information.

19       d. Any court reporter or transcriber who reports or transcribes
20 testimony in this action shall agree that all Protected Documents and confidential
21 information designated as such under this Order shall remain Confidential and
22 shall not be disclosed by them, except pursuant to the terms of this Order, and that
23 any notes or transcriptions of such testimony (and any accompanying exhibits) will
24 be retained by the reporter or delivered to counsel of record.

25    **6.** **Storage of Confidential Information.** The recipient of any Protected
26 Documents that is provided under this Protective Order shall use its best efforts to
27 maintain such information in a reasonably secure and safe manner that ensures that
28 access is limited to the persons authorized under this Order.

1. **Filing Under Seal.** The Parties shall follow the Court's requirements for filing documents under seal as set forth under L.R. 79-5, *et. seq*.

8. **Conclusion of Litigation.**

    a. Within sixty (60) days after the conclusion of this case, counsel for the Party who has received Protected Documents shall either: (i) return to the Designating Party the Protected Documents, including any Documents which any such Party disclosed to any Qualified Person; or (ii) securely destroy the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, and certify in writing such destruction to the Designating Party.

    b. The Receiving Party's obligation to return or destroy "Confidential" or "Confidential--Attorneys' Eyes Only" material does not include Documents from (1) disaster recovery or business continuity backups, (2) data stored in system-generated temporary folders or near-line storage, (3) unstructured departed employee data, and/or (4) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of "Confidential" or "Confidential--Attorneys' Eyes Only" material, but such retained information shall continue to be treated in accordance with the Order.

9. **Not Applicable To Trial.** This Order does not apply to the offer of or admission into evidence of Protected Documents or confidential information or their content at trial or in any evidentiary hearing, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any Party at the time of trial or evidentiary hearing.

10. **Inadvertent Production/Waiver.**

    a. The production of Protected Documents or confidential information pursuant to this Order is not intended to constitute a waiver of any

1  privilege or right to claim the trade secret or confidential status of the Documents, materials, or information produced.

    b. Inadvertent or unintentional production of Documents or information that should have been designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality. If a Party has inadvertently or unintentionally produced information which should have been designated as "Confidential" or "Confidential— Attorneys' Eyes Only," the Designating Party will notify all other Parties within twenty-one (21) days of discovery of the inadvertent production and request that the appropriate designation be applied to such Documents or information. If any Party objects to the Designating Party's designation, the Parties should follow the procedure outlined in Paragraph 3(g) above. The Document or information will be treated as "Confidential" or "Confidential--Attorneys' Eyes Only," as appropriate, until such time as the dispute has been resolved.

    c. This Order is entered pursuant to Evidence Rule 502(d). Subject to the provisions of this Order, if the Producing Party discloses Protected Information, the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

        i. This Order protects any disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

        ii. Each Party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders that disclosure of Protected Information in discovery conducted in this litigation shall not waive any claim of privilege or

work-product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

   iii. A Producing Party must notify the party receiving the Protected Information, in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon receipt of notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such document or other information, and shall provide a certification that it will cease further review, dissemination, and use of the Protected Information.

   iv. This Order shall be interpreted to provide the maximum protection allowed to the Disclosing Party by Evidence Rule 502(d). The provisions of Evidence Rule 502(b)(2) are inapplicable to the production of Protected Information under this Order. However, if for any reason, a Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

  d. Nothing in this Order shall limit the Receiving Party's right to challenge the Producing Party's claim that Protected Information is protected from disclosure by the attorney-client privilege or work-product doctrine. Disputes concerning the designation of documents as attorney-client privilege or work-product shall be governed by the procedures outlined in Paragraph 3(g) above. Any Protected Information submitted to the Court in connection with a challenge to the Producing Party's claim of attorney-client privilege or work-product protection shall not be filed in the public record, but rather shall be redacted, filed under seal, or submitted for *in camera* review.

 **11.** **<u>No Application to Public or Otherwise Available Information</u>.** This Order shall not limit or restrict any Party's use of information that it can demonstrate: (a) was lawfully in its possession prior to such information being designated as protected material in this Litigation and that it is not otherwise

obligated to treat as confidential; (b) was obtained without any benefit or use of protected material from a third party having the right to disclose such information without restriction or obligation of confidentiality; or (c) has been published to the general public. If the Party believes that the Designating Party has designated as "Confidential" or "Confidential--Attorneys' Eyes Only" information that is covered by any of the preceding categories, the Party shall challenge the propriety of such designation using the procedure outlined in Paragraph 3(e) above. Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.

12. **Protected Material Subpoenaed or Ordered Produced in Other Actions.** If any Party or any person receiving Documents through them is served with a subpoena, order, interrogatory, document, or civil investigative demand or any other legal demand (collectively, a "Demand") issued in any other action, investigation, or proceeding and such Demand seeks Protected Documents or material that was produced or designated as "Confidential" or "Confidential—Attorneys' Eyes Only" in this case, the Party shall give prompt written notice of this Protective Order by hand, overnight courier, e-mail or facsimile transmission within seven (7) days of receipt of such Demand to the person, party, or third party who issued the Demand and the person, party, or third party, who produced or designated the material as "Confidential" or "Confidential—Attorneys' Eyes Only." The Party receiving the Demand shall object to the production of such materials on the grounds of the existence of this Order and shall not produce such materials unless the Party is served with an order from any court or administrative agency of competent jurisdiction directing that the Demand be complied with. It shall be the burden of the person, party or third party who produced or designated the materials as "Confidential" or "Confidential—Attorneys' Eyes Only"—and not the burden of the Party receiving the demand—to seek a protective order or other court relief from production.

**13. Modification.**

a. This Protective Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by the Parties or pursuant to further Court Order. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

b. The Court may modify this Order in the interests of justice or for public policy reasons on its own initiative.

**14. Duration.**

a. After termination of this Litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties and all recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this Litigation.

b. This Protective Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**ACCEPTED AND AGREED TO** this 6th day of October, 2017.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: October 16, 2017

Hon. Jay C. Gandhi
United States Magistrate Judge

| | |
|---|---|
| ROBBINS ARROYO LLP | K&L GATES LLP |
| By: */s/ Steven M. McKany*<br>LEONID KANDINOV<br>BRIAN J. ROBBINS<br>KEVIN A. SEELY<br>STEVEN M. MCKANY<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 525-3990<br>Facsimile: (619) 525-3991<br>brobbins@robbinsarroyo.com<br>kseely@robbinsarroyo.com<br>smckany@robbinsarroyo.com | By: */s/ Caitlin C. Blanche*<br>Ellen L. Darling<br>Caitlin C. Blanche<br>Kate G. Hummel<br>1 Park Plaza Twelfth Floor<br>Irvine, CA 92614<br>Telephone: (949) 253-0900<br>Facsimile: (949) 253 0902<br><br>*Attorneys for Defendants Ainsworth Pet Nutrition, LLC and APN, Inc.* |

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
ROBERT K. SHELQUIST
REBECCA A. PETERSON
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com

STEPHENS & STEPHENS LLP
CONRAD B. STEPHENS
505 South McClelland Street
Santa Maria, CA 93454
Telephone: (805) 922-1951
Facsimile: (805) 922-8013
conrad@stephensfirm.com

*Attorneys for Plaintiff Christina Grimm*

Pursuant to L.R. 5-4.3.4, I attest that the above signatories have authorized this filing and concur in its contents.

                                            */s/ Steven M. McKany*
                                            STEVEN M. MCKANY

# EXHIBIT A
## AGREEMENT TO BE BOUND
## BY STIPULATED PROTECTIVE ORDER

I, _____ *[print or type full name]*, of _____ *[print or type full address]* declare under penalty of perjury, under the laws of the United States of America, that:

1. I have read the Stipulated Protective Order attached hereto, and I understand its terms and meanings.

2. I understand the terms of the Stipulated Protective Order and agree to comply with and be bound by the Stipulated Protective order.

3. I also agree to be subject to the Court's jurisdiction for enforcement of the Stipulated Protective Order and understand that the Court may impose sanctions for any violation of the Stipulated Protective Order.

Date:_____

Printed Name:_____

Signature:_____