UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 17-00356 JVS(JCGx)** | Date | January 8, 2018 |
| Title | Christina Grimm v. APN, Inc., et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS)**    **ORDER GRANTING DEFENDANTS' MOTION TO STAY ACTION**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby GRANTS the Defendants' Motion to Stay and rules in accordance with the tentative ruling as follows:**

Defendants APN, Inc. and Ainsworth Pet Nutrition (collectively "APN") filed a motion to stay this case until the California Department of Public Health ("CDPH") announces whether it will initiate a rulemaking proceeding concerning the term "natural" in pet food labeling, which is expected to take place in March 2018. (Mot., Docket No. 66.) Plaintiff Christina Grimm ("Grimm") filed an opposition to APN's motion. (Opp'n, Docket No 71.) APN filed a reply. (Reply, Docket No. 74.)

For the following reasons, the Court **grants** APN's motion to stay.

**I. BACKGROUND**

This dispute's background is familiar to the parties and to the Court. In the Court's August 31, 2017 Order granting in part and denying in part APN's motion to dismiss Grimm's First Amended Complaint ("FAC"), the Court took judicial notice of a CDPH document which stated that the CDPH:

> [R]ecognizes the Association of American Feed Controls, Inc. (AAFCO) OFFICIAL PUBLICATION as the definitive reference for pet food ingredients and labeling. Any pet food label that complies with AAFCO guidelines

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 17-00356 JVS(JCGx)**                           Date   January 8, 2018

Title   Christina Grimm v. APN, Inc., et al.

for pet food ingredients and labeling will be considered in compliance with California law.

(Order, Docket No. 43 at 4–5 (citing RJN, Docket No. 30, Ex. 1).) The Court also noted that "the AAFCO guidelines have not been adopted as a regulation and have no force as controlling law." (Id. at 5 (citing Cal. Gov't Code § 11340.5(a).) The AAFCO guidelines state how pet foods with added vitamins and minerals can still be labeled "natural." (See Mot., Docket No. 66 at 3 (citing AAFCO Pet Food and Specialty Pet Food Labeling Guide 78–79 (rev. ed. 2016).)

On October 5, 2017, the CDPH issued a response to a petition requesting that the department initiate a rulemaking on the use of the term "natural" on pet food labels. (Declaration of Damon M. Pitt ("Pitt Decl."), Docket No. 66-2, Ex. A.) In its response, CDPH noted that there are "three putative class action lawsuits against pet food manufacturers pending in California state and federal courts challenging the term 'natural' on pet food labels." (Id. at 2.) Additionally, the CDPH acknowledged the petitioner's argument that the CDPH should initiate a rulemaking action because "a regulation would avoid uncertainty and inconsistent court rulings." (Id.) Finally, the CDPH noted that the plaintiffs in the putative class actions had contended that the CDPH guidance about the AAFCO guidelines was "an unenforceable underground regulation." (Id.) The CDPH stated that:

> Your petition asked the Department to initiate rulemaking regarding "natural" on pet food labels. The Department will schedule and notify you of a public hearing. The Department also will further study the issue prior to making a final determination as to whether to initiate a new rulemaking action, anticipated by March 2018.

(Id.)

APN filed this motion requesting that the Court stay the case pursuant to the primary jurisdiction doctrine or, alternatively, the Court's inherent authority, until after the CDPH issues its determination of whether to initiate a new rulemaking action. (Mot., Docket No. 66 at 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. **SACV 17-00356 JVS(JCGx)**     Date   January 8, 2018

Title    Christina Grimm v. APN, Inc., et al.

## II. LEGAL STANDARD

The doctrine of primary jurisdiction promotes "proper relationships between the courts and administrative agencies charged with particular regulatory duties." Nader v. Allegheny Airlines, Inc., 426 U.S. 290, 303 (1976) (quoting United States v. W. Pac. R.R. Co., 352 U.S. 59, 63 (1956)). "Even when common-law rights and remedies survive and the agency in question lacks the power to confer immunity from common-law liability, it may be appropriate to refer specific issues to an agency for initial determination where that procedure would secure '(u)niformity and consistency in the regulation of business entrusted to a particular agency' or where 'the limited functions of review by the judiciary (would be) more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.'" Id. (quoting Far East Conference v. United States, 342 U.S. 570, 574–75 (1952)).

Under the primary-jurisdiction doctrine, courts should defer "to an administrative agency where (1) the issue is not within the conventional experiences of judges, (2) the issue involves technical or policy considerations within the agency's particular field of expertise, (3) the issue is particularly within the agency's discretion, or (4) there exists a substantial danger of inconsistent rulings." Maronyan v. Toyota Motor Sales, U.S.A., Inc., 658 F.3d 1038, 1048–49 (9th Cir. 2011) (internal quotations omitted). "[E]fficiency is the deciding factor in whether to invoke primary jurisdiction." Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 760 (9th Cir. 2015) (quotations Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1165 (9th Cir.2007)) (internal quotation marks omitted). However, "a court should not invoke primary jurisdiction when the agency is aware of but has expressed no interest in the subject matter of the litigation." Id. at 761. Furthermore, "primary jurisdiction is not required when a referral to the agency would significantly postpone a ruling that a court is otherwise competent to make." Id. (citing Amalgamated Meat Cutters & Butcher Workmen of N. Am., 381 U.S. 676, 686 (1956)).

## III. DISCUSSION

A.    There is a need for administrative expertise in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 17-00356 JVS(JCGx)** | Date | January 8, 2018 |
|---|---|---|---|
| Title | Christina Grimm v. APN, Inc., et al. | | |

  Application of the primary jurisdiction doctrine is proper in this case because the issue of the use of the term "natural" in pet food labeling is within the CDPH's particular field of expertise. See Maronyan, 658 F.3d at 1048–49.

  Grimm does not dispute that CDPH is the regulatory authority that administers the laws applicable to processed pet food sales in California. See Cal. Health & Safety Code § 113025 et seq. Grimm also does not dispute that California has endorsed the AAFCO guidelines, CDPH defers to the AAFCO, and that APN's use of the term "natural" complies with the definition of "natural" under the AAFCO guidelines. However, Grimm maintains that this Court is not only competent but also the proper body to decide whether APN's use of the term "natural" is misleading. (See Opp'n, Docket No. 71 at 4–5.) Grimm argues that this case involves the construction of the term "natural," which is a legal question no different than any other when the construction of a term is in dispute.[1] (Id. at 3.) Grimm further argues

---

  [1] Grimm primarily relies on Great Northern Railroad Co. v. Merchants' Elevator Co., 259 U.S. 285 (1922), Lockwood v. Conagra Foods, Inc., 597 F. Supp. 2d 1028 (N.D. Cal. 2009), and Kosta v. Del Monte Corp., No. 12-CV-01722-YGR, 2013 WL 2147413 (N.D. Cal. May 15, 2013) for its position that the issues before the Court are within the "conventional competence of courts" and that agency expertise is not required. (See Opp'n, Docket no. 71 at 4.) Each case is distinguishable. Great Northern concerned the construction of interstate railroad tariffs under the Interstate Commerce Act. 259 U.S. at 289–91. The issue before the Court was whether the body of a rule or an exception to it applied. Id. at 289. The Court distinguished that question from those in other cases where preliminary resort to the Interstate Commerce Commission ("ICC"), an administrative body, was required. Id. at 293. One concerned whether the words in a tariff were used in their ordinary or "peculiar" meanings. Id. When words in a tariff were used in a peculiar meaning, the ICC made a preliminary determination of the words' meaning before a court could take jurisdiction of the controversy. Id. at 292. But where words were used in their ordinary meaning, their construction presented a question of law, which a court could competently decide. Id. at 291. The Court strains to see Great Northern's applicability to the question presented in this case. At most, the question of whether APN's use of the term "natural" is misleading appears not to be a question of a word's ordinary meaning because the CDPH is considering initiating a rulemaking on the term. Lockwood is distinguishable because there the court declined to apply primary jurisdiction where the Food and Drug Administration ("FDA") had declined to adopt formal rulemaking defining the word "natural." 597 F. Supp. 2d at 1035. As a secondary consideration, the court noted that the FDA did not have greater technical expertise because courts routinely decide what conduct is misleading. Id. Here, the CDPH is currently deciding whether to adopt formal rulemaking and any rule could have a direct impact on Grimm's claims. Finally, in Kosta, the plaintiffs' claims concerned whether the defendant had violated the FDA's informal policy guidance stating the minimum standards for using the term "natural" with respect to food products. 2013 WL 2147413, at *9. The case did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-00356 JVS(JCGx) | Date | January 8, 2018 |
| Title | Christina Grimm v. APN, Inc., et al. | | |

that the fraud standards to be applied in this case are "within the conventional competence of the courts" and that the judgment of the CDPH is "not likely to be helpful in the application of the facts of this case." (Id. at 4 (quoting Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 390 (1992)). The Court disagrees. The AAFCO sets guidelines to which APN adheres, California endorses those guidelines, and the CDPH defers to them. (See Reply, Docket No. 73 at 3.) Accordingly, the question presented to the Court is not simply whether APN's use of a term is misleading, but whether its use of a certain term, in compliance with a standard to which CDPH defers, is misleading. By claiming that APN's labels are misleading, Grimm is indirectly claiming that the AAFCO guidelines are misleading, and, in turn, that the CDPH is misleading. (See Reply, Docket No. 73 at 3.) Therefore, the Court should wait for CDPH's decision to initiate a new rulemaking.

"[A]pplication of the primary jurisdiction doctrine in each individual case focuses on whether agency review will enhance 'court decisionmaking and efficiency by allowing courts to take advantage of administrative expertise,' and/or help 'assure uniform application of regulatory laws.'" Wise v. Pac. Gas & Elec. Co., 77 Cal. App. 4th 287, 298, 91 Cal. Rptr. 2d 479 (1999) (quoting Farmers Ins. Exch., 2 Cal. 4th at 391). If CDPH initiates rulemaking on the subject matter of this litigation, it could significantly limit the issues currently litigated and impact how the Court evaluates the availability of prospective injunctive relief.[2] Accordingly, application of the primary jurisdiction doctrine is proper.

B.   Grimm will not be unfairly prejudiced by a stay until March 2018.

APN requests that the Court stay proceedings in this case until CDPH determines whether to initiate a rulemaking action, which is expected in March 2018. (Mot., Docket No. 66 at 1.) Grimm argues that the proposed stay will "unduly delay justice, harm [her] evidence, and slow the Court's docket without any material

---

raise the issue of whether a court should stay proceedings while an agency decided whether to adopt formal rulemaking on a key issue in dispute.

   [2] Because the Court finds that primary jurisdiction applies in this case, the Court declines to address Grimm's other argument concerning whether formal rulemaking by CDPH would promote uniformity.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00356 JVS(JCGx) | Date | January 8, 2018 |
|---|---|---|---|

| Title | Christina Grimm v. APN, Inc., et al. |
|---|---|

benefit." (Opp'n, Docket No. 71 at 8.) The Court disagrees. APN proposes a brief stay of no more than three months until it is expected that CDPH will determine whether it will engage in rulemaking. Though, as Grimm emphasizes, formal rulemaking can take time, APN only requests a stay until the parties and the Court know what CDPH intends to do. (See Opp'n, Docket No. 71 at 9–10; Mot., Docket No. 66 at 12.)

Grimm also argues that delay will give APN the opportunity to lose or destroy documents, and will give witnesses the chance to claim memory loss when testifying about inconvenient material facts. (Opp'n, Docket No. 71 at 11.) Additionally, she argues that third-parties with evidence are not on notice to preserve documents during the proposed stay. (Id.) APN[3] responds by arguing that Grimm bears the culpability for any lack of notice at this stage of the litigation, more than ten months after its initiation. (Reply, Docket No. 73 at 5.) Additionally, APN takes issue with Grimm's accusation that APN would take advantage of any stay to violate the law by destroying evidence. (Id. at 6.) APN offers to stipulate that Defendants will not engage in any spoliation of evidence to "assuage[] Plaintiff's paranoia." (Id.)

The Court agrees with APN that Grimm does not face a great risk of undue prejudice from delay. First, there is no reason to think that APN will not comply with the law and the rules of this Court and destroy or intentionally lose evidence. Second, all delay creates the risk that witnesses will forget material facts, but the delay here is relatively short. Third, Grimm provides no evidence as to which third-parties lack

---

[3]Additionally, APN argues that there is a real risk to APN of severe prejudice resulting from inconsistent rulings on how to label and market "natural" pet foods statewide. (Id.) APN states that two other cases involving similar claims are ongoing in which the plaintiffs also seek prospective injunctive relief. (See Mot., Docket No. 66 at 5 (citing Cervantes v. Canidae Corp., Case No. RIC1706332 (Cal. Sup. Ct.); Van Mourik v. Big Heart Pet Brands, Inc., Case No. 3:17-cv-03889-JD (N.D. Cal.).) In Cervantes, the Court denied as moot the defendant's request for a stay until CDPH determines whether it will engage in rulemaking but noted that "if this were heading toward actual rulemaking . . . to the extent certain claims such as claims for future relief, such as an injunction, I would hope the plaintiff would realize that that may become mooted out in that situation." (Declaration of Rebecca A. Peterson ("Peterson Decl."), Docket No. 71-1, Ex. 1 at 3:22–26.) The Court does not necessarily agree that the fact that there are two other ongoing cases concerning pet food labeling creates a "real risk to [APN] of severe prejudice"; however, the Court agrees that the Cervantes court's discussion of the possible rulemaking reinforces the reasonableness of the proposed stay. (See Reply, Docket No. 73 at 5–6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 17-00356 JVS(JCGx)** | Date | January 8, 2018 |
|---|---|---|---|
| Title | Christina Grimm v. APN, Inc., et al. | | |

notice of this case and thereby might fail to preserve evidence during the brief proposed stay.

In sum, the proposed stay is not so long to create an undue risk of prejudice to Grimm and bar application of the primary jurisdiction doctrine.

C. The Court need not decide whether the AAFCO guidelines apply retroactively at this stage.

Grimm argues that CDPH rulemaking will not resolve the legal issues in this case because any regulation would not destroy her pre-existing claims. (Opp'n, Docket No. 12.) APN requests the opportunity for further briefing on this issue when it is ripe, but argues that, regardless of whether any regulations would apply retroactivity, any new rulemaking could directly impact Grimm's prayer for prospective injunctive relief because it would "necessarily address the procedure to be followed in the future." (Mot., Docket No. 66 at 12–13.) The Court agrees. Grimm argues that it is premature to consider what prospective injunctive relief might be fashioned at this stage of the litigation. (Opp'n, Docket No. 71 at 13.) Grimm further argues that if an injunction issues, APN should "not necessarily be free to follow any lowest common denominator set by industry-sponsored regulations." (Id.) In so arguing, Grimm demonstrates the relevance of the potential CDPH action on this case. Grimm's argument is predicated on her position that the AAFCO guidelines are inadequate to protect consumers. That stance does not alter the Court's impression that any new rulemaking would impact what prospective injunctive relief it could fashion as a remedy in this case. At a minimum, even Grimm admits that new rulemaking would cut off the relevant class period. (Opp'n, Docket No. 71 at 12.) Therefore, the rulemaking would impact issues in this case regardless of whether the AAFCO's standards apply retroactively. Accordingly, the Court declines to address the issue of retroactivity at this time.

D. CDPH is authorized to engage in the proposed rulemaking.

CDPH is authorized to engage in certain rulemaking on processed pet foods. California Health & Safety Code § 113115 expressly authorizes CDPH to "promulgate regulations establishing for any processed pet food or pet food ingredient . . . [a] reasonable definition and standard of identity" and "[l]abeling information

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 17-00356 JVS(JCGx)** | Date | January 8, 2018 |
| Title | Christina Grimm v. APN, Inc., et al. | | |

necessary to fully inform the purchaser thereof," if it will "in the judgment of the department . . . promote honesty and fair dealing in the interest of the ultimate purchaser." Despite this statutory authorization, Grimm argues that CDPH cannot enact the proposed rule because it would not "promote honesty and fair dealing in the interest of the ultimate purchaser." (Opp'n, Docket No. 71 at 13.) As discussed above, Grimm does not dispute that CDPH has authority to issue rules regarding processed pet foods. Grimm merely argues that any regulation formalizing the AAFCO guidelines is improper. Her attack on the rulemaking is premature. It is clear that CDPH can engage in the proposed rulemaking, if "in its judgment" the rulemaking "promote[s] honesty and fair dealing in the interest of the ultimate purchaser," and the Court will not consider arguments about the invalidity of a rule that does not yet exist. Moreover, any attack upon the ruelmaking proceeding, if and when it is initiated, is better made in the rulemaking proceeding.

In sum, the Court finds that the primary jurisdiction doctrine applies and stays this case pending the CDPH's determination of whether to adopt formal rulemaking on the AAFCO guidelines.

### IV. CONCLUSION

For the foregoing reasons, the Court **grants** APN's motion to stay.

**IT IS SO ORDERED.**

.

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |